[Civil No. 2230. Filed March 4, 1925.]

[234 Pac. 34.]

BENJAMIN S. WHITE, Appellant v. DAN THOMAS FRYE, Appellee.

1. CONTRACTS—REFUSAL OF PLAINTIFF, WHO PURCHASED DENTIST BUSINESS, TO PERMIT DEFENDANT DENTIST TO WORK IN OFFICE, HELD NOT BREACH OF CONTRACT.—Where defendant dentist, who sold his furniture, supplies and goodwill to plaintiff, agreed to work in plaintiff's office "whenever convenient for me and there is work which" plaintiff "desires me to do" for one year, plaintiff's refusal to allow defendant to work in office was not breach of contract, since defendant had no right to use office, except as desired by plaintiff.

2. EVIDENCE—PAROL EVIDENCE ADMISSIBLE ONLY TO EXPLAIN PATENT AMBIGUITY AND NOT TO VARY TERMS OF CONTRACT.—Parol evidence is admissible to exlain meaning of contract only where there is patent ambiguity therein, and is not admissible to vary its terms.

3. COSTS—SUCCESSFUL PARTY HELD ENTITLED TO HAVE COSTS OF TAKING OWN DEPOSITION ALLOWED, THOUGH DEPOSITION NOT USED.—Under Laws of 1915, chapter 26, successful party was entitled to have cost of taking his own deposition, allowed though it was not used, unless it was not taken in good faith.

See (1) 13 C. J., p. 525. (2) 22 C. J., p. 1098. (3) 15 C. J., p. 135, 138.

APPEAL from a judgment of the Superior Court of the County of Santa Cruz. M. Marsteller, Judge. Affirmed.

Mr. Fred Noon and Mr. Warren Lee Kinder, for Appellant.

Messrs. Duffy & Robins, for Appellee.

2. Parol evidence to explain contract, see notes in 6 Am. Rep. 678; 28 Am. Rep. 210; 17 L. R. A. 270. See, also, 10 R. C. L. 1067, 1068.

LOCKWOOD, J.—Dan Thomas Frye, hereinafter called plaintiff, and Benjamin S. White, hereinafter called defendant, were dentists in Nogales, Arizona. In May, 1921, they entered into the following contract:

"Know all men by these presents that I, Benj. S. White, for and in consideration of eighteen hundred ($1,800.00) dollars, the receipt of which is hereby acknowledged as follows: Sixteen hundred ($1,600.00) dollars cash and two hundred ($200.00) dollars payable in thirty (30) days from date, have sold and do hereby sell, convey, and deliver to D. T. Frye all the dental equipment, furniture, and supplies contained in the rooms occupied by me in the Trust Building, Nogales, Arizona. Also the dental business and the good will of said business which I have in the town of Nogales, Arizona, and for the same consideration for one year from the date thereof. I agree to work in the said offices for the said D. T. Frye whenever convenient for me to do so and there doing work which the said D. T. Frye desires me to do, or for people who call for me at the said dental office and desire my personal attention for the period of one year from the date hereof. The consideration for my work in the said office to be fifty per cent. (50%) of the amount received for my work from the party having the work done. The other fifty per cent. (50%) received to be paid to D. T. Frye. The said D. T. Frye furnishing all material and expense of office for the consideration above stated. I further agree and bind myself not to do any kind of dental work for anyone in Santa Cruz county, Arizona, other than for the benefit of D. T. Frye as hereinbefore stated for a period of one year from date hereof. It is understood and agreed between D. T. Frye and Benj. S. White, the parties hereto, that D. T. Frye will conduct the said dental business in Nogales, Arizona, in the name of Dr. Benj. S. White and Dr. D. T. Frye, as if it was a partnership, and the said Benj. S. White agrees to the use of his name as a

partner for the period of one year from the date hereof.

"Signed this the 31st day of May, 1921.

"D. T. FRYE.

"BENJ. S. WHITE."

Thereafter, and for about nine months, defendant worked in the office maintained by plaintiff, under the terms of the contract. He collected various sums of money for the work, and gave plaintiff the note sued on in this action, in partial payment of money due the latter for his share of the proceeds of the work.

About February 20, 1922, a disagreement of some nature arose between the parties, and plaintiff refused to allow defendant further to use the office, or do any work under the contract. Later plaintiff sued defendant on the note above referred to, and defendant set up as a defense and counterclaim an alleged breach of the contract by plaintiff, in that for three months he refused to allow him, defendant, to work in the office as set forth in the contract, claiming damages in excess of the amount of the note of $500.

The case was tried to a jury, and at the close of the evidence the court directed a verdict for plaintiff in the amount of the note. Judgment was rendered thereon, the usual motion for new trial made and denied, and defendant appealed.

The vital question before us is the construction of the contract. Plaintiff contends that under it he was not bound to do anything except to pay the purchase price of the business, which has been done; that the only obligation therein contained, in regard to work, is that, if defendant finds it convenient, he will do certain work when plaintiff desires, and that before there was a duty imposed on plaintiff to allow the use of the office to defendant, or furnish him any materials, the convenience on the one hand and the

27 Ariz.—29

desire on the other must have concurred. Defendant, on the other hand, claims he had an absolute right to use the office for a year, and that plaintiff was bound to furnish him dental materials for his work, whether the plaintiff wished him to perform the labor or not, subject only to payment by defendant to plaintiff of half his receipts therefor.

The contract is indivisible and must be construed as a whole, nor is parol evidence permissible to vary its terms. It is only where there is a patent ambiguity that such evidence is permitted, and then not to vary the contract, but to explain its true meaning. To our minds, when reading it as a whole, there is no ambiguity therein. Plaintiff desired to purchase defendant's dental equipment and business, including the goodwill thereof. In order to deliver the latter, defendant agreed to do three things: First, to allow his name to be used as though a copartner of plaintiff; second, to do certain work for plaintiff when convenient to him, the defendant, and when desired by plaintiff, upon certain terms set forth in the contract; and, third, to do no dental work in Santa Cruz county "other than for the benefit of D. T. Frye as hereinbefore stated, for a period of one year from date hereof."

It is hardly conceivable that when defendant so carefully contracted away his right to engage in dental work as a competitor of plaintiff anywhere in Santa Cruz county, for a period of a year, and, in order to deliver the goodwill of the business, even agreed that plaintiff should have the right to use his name, at the same time he retained the right to engage in such competition in the very office of plaintiff, and against his protests, with the latter furnishing even the materials with which defendant worked. If there could be any doubt otherwise, the phrase in the contract above referred to, "other than for the

benefit of D. T. Frye as hereinbefore stated," shows clearly the meaning.

Since, under the contract, it appears defendant had no right to use the offices of plaintiff, except for the benefit of the latter, and as he desired, plaintiff did not breach the contract by refusing to allow defendant further to work there. No other defense being offered, the trial court correctly directed a verdict for plaintiff.

The item of costs objected to was properly allowed. Chapter 26, Session Laws of 1915, reads in part as follows:

"Costs in the superior court shall include the fees of officers, witnesses, costs of taking depositions," etc.

Since the law makes no exception as to the deposition of a party, we can make none, nor does the fact that a deposition is not used affect the right to costs, unless it appears it was not taken in good faith. *Lindy* v. *McChesney,* 141 Cal. 351, 74 Pac. 1034.

Finding no reversible error in the record, the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.