715 P.2d 1240

**Anita M. RABE and Dale A. Rabe, wife and husband, Plaintiffs/Appellants,**

v.

**CUT AND CURL OF PLAZA 75, INC., Defendant/Appellee.**

No. 2 CA–CIV 5567.

Court of Appeals of Arizona, Division 2, Department B.

Feb. 26, 1986.

William M. Spence, Ltd. by William M. Spence and Brian K. Stanley, Phoenix, for plaintiffs/appellants.

Snell & Wilmer by George H. Lyons, Judy M. Miller and Joseph A. Kendhammer, Phoenix, for defendant/appellee.

## OPINION

LACAGNINA, Judge.

Anita M. Rabe and Dale A. Rabe appeal from a jury verdict in favor of Cut and Curl Plaza 75, Inc. denying Anita Rabe's claim of negligence by Cut and Curl. Motions for new trial and judgment n.o.v. were denied.

Rabe argues the trial court erred as follows: by ordering separate trials for liability and damages; by precluding certain expert testimony; by allowing medical witness fees as a cost of taking a deposition; and by denying her motion for judgment notwithstanding the verdict. We affirm.

## I

### FACTS

Rabe claims she tripped over a baby on the floor of the reception area of a styling salon operated by Cut and Curl. She was a regular customer and had her hair done every Saturday. Cut and Curl is a family-type beauty salon serving customers of all ages. It does not exclude children, and there are children regularly in the salon for services and/or accompanying their mothers who are receiving services. The only policy of Cut and Curl regarding children was to demand that small children be controlled by their parents if they misbehaved or disrupted the salon. The Saturday of the accident was busy, and all chairs in the reception area were occupied. Before Rabe arrived, two women and a child entered the Salon and sat on the floor. Rabe saw one of the women and the child when she and her daughter entered the salon and checked in at the reception desk. She took her daughter's coat, turned to go to a coat rack, and after one or two steps, fell. No witness saw her fall. Rabe testified she noticed the baby after she fell.

## II

### SEPARATE TRIALS

■ The decision to order separate trials for liability and damages is governed by the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. Rule 42(b), Rules of Civil Procedure, 16 A.R.S.; *Morley v. Superior Court of Arizona*, 131 Ariz. 85, 638 P.2d 1331 (1981).

■ This exercise of discretion can generally be tested by the principles stated in *Woods v. Harcker*, 22 Ariz.App. 83, 523 P.2d 1320 (1974), requiring the trial court to find that the issues are indeed separate and distinct, that there is no prejudice to any party, and that separation will expedite and/or lessen the cost of litigation.

■ Rabe does not claim any prejudice. The trial of the liability issue was short (only three witnesses and Rabe testifying), and since there were different witnesses (other than Rabe) for the trial on damages, the issues were tried quickly with substantial judicial economy. Rabe had expected to call six or seven witnesses, plus the parties, to support the damage claim, and Cut and Curl had several medical witnesses to testify on the damage issue. We find no abuse of discretion and affirm the trial court.

## III

### MOTION IN LIMINE

■ The trial court excluded testimony from safety and beauty experts, and we affirm. This decision is within the discre-

tion of the trial court, and we will not disturb its decision unless clearly erroneous. *Shell Oil Co. v. Guttierrez*, 119 Ariz. 426, 581 P.2d 271 (App.1978).

Rabe argues that Rule 702, Rules of Evidence, 17A A.R.S., entitled her to use expert testimony to establish "the standard of care which should have governed a tradesman with respect to a hazard encountered by customers in his shop." The question of whether a baby crawling on the floor of a beauty salon creates a hazard to customers is surely within the knowledge and experience of jurors and should not be the subject of expert testimony. *State v. Williams*, 132 Ariz. 153, 644 P.2d 889 (1982); *Pincock v. Dupnik (Pima County Sheriff)*, 146 Ariz. 91, 703 P.2d 1240 (App. 1985); *Shaner v. Tucson Airport Authority*, 117 Ariz. 444, 573 P.2d 518 (App.1977); M. Udall and J. Livermore, Law of Evidence § 22 at 28 and § 26 at 46 (2d ed. 1982).

■ We find no merit to Rabe's argument that one question asked on cross-examination of a witness called on her behalf violated the motion in limine. The question to which there was no objection asked the witness if she knew of any rule prohibiting children from beauty salons, was proper cross-examination of the witness's knowledge and was a proper response to matters raised by Rabe in direct examination.

## IV

### JUDGMENT NOTWITHSTANDING THE VERDICT

Cut and Curl received a favorable verdict from the jury, and we must view the evidence in the light most favorable to sustaining it, including all reasonable inferences arising from the evidence. *Hallmark v. Allied Products Corporation*, 132 Ariz. 434, 646 P.2d 319 (App.1982).

■ The jury was properly instructed on the duty owed by a proprietor of a business to warn his invitees of any unsafe condition. The evidence and reasonable inferences arising from the evidence and sup-

porting the jury verdict in favor of Cut and Curl are as follows:

1. Rabe saw a woman and child on the floor when she entered the salon and needed no warning from the proprietor of this obvious condition.

2. Rabe as a regular customer, who brought her own child to the salon, knew from past experience that children were allowed and present in the salon.

3. Since no witness saw Rabe fall and she never testified that she tripped over the child, but saw it after she fell, she may have fallen for other reasons.[1]

4. Every time Rabe had been in the salon during the previous six months she had used a walker (necessary while recovering from another fall), and this time her footing was unstable because no walker was being used, and her fall was not the result of any condition on the premises.

The jury found from the evidence that the salon was in a reasonably safe condition, and that no condition of the premises, including the presence of a child, was a proximate cause of her fall. Since there was sufficient evidence to support the verdict, the trial court correctly denied Rabe's judgment notwithstanding the verdict. *Paul Schoonover, Inc. v. Ram Construction, Inc.*, 129 Ariz. 204, 630 P.2d 27 (1981); *Kubby v. Crescent Steel*, 105 Ariz. 459, 466 P.2d 753 (1970).

## V

### EXPERT WITNESS FEE PROPER COST OF TAKING DEPOSITION

Rabe's medical witness and experts would not testify at depositions noticed by Cut and Curl in preparation for trial unless paid expert fees. The court allowed Cut and Curl $803 as "costs of taking depositions," pursuant to A.R.S. § 12–332(A)(2), an amount larger than the witness fees plus mileage allowed by A.R.S. § 12–303 for witness fees allowed *as a cost at trial.*

1. Reporter's Transcript of trial at 191, line 22: "And I turned around and—because the coat was so big—I took one step with my right foot and then the next one with my left foot and I fell. Then I noticed the baby."

We are presented with the question of expert witness fees paid by Cut and Curl as required by Rabe's medical witnesses before they would give their depositions. We answer the question by citing the provisions of Rule 26(b)(4)(C), Rules of Civil Procedure, 16 A.R.S., and a portion of the State Bar Committee Note to the 1970 amendment:

> A distinction is also made as to the pay of experts. Two time interludes are involved: First is the time the witness spends in the deposition; and second is the time he spends in preparing himself for the deposition. If the expert is to be a witness at trial, the adverse party taking his deposition need not pay for the time he has spent equipping himself to appear, in the belief that this time would be required in any case for his appearance for the party originally calling him. On the other hand, the time he spends in deposition on cross-examination is time which would not otherwise be required of him, and for this he should be compensated by the inquiring party, unless, at the discretion of the court, manifest injustice would result. In the event of discovery from a nonwitness expert, the court may also require payment for preparation time.

We hold that if a party is required to pay an *opponent's* witness an expert fee or incurs other expenses necessarily and reasonably incurred to obtain an *adverse witness's* testimony before trial, those properly incurred expenses are taxable by the trial court pursuant to A.R.S. § 12–332(A)(2) as costs of taking depositions. Rabe does not claim the fees were not necessary or reasonable, and the trial court's award of costs is affirmed.

LIVERMORE, P.J., and BIRDSALL, J., concur.