719 P.2d 308

**Walter E. JOHNSTON and Yvonne Johnston, his wife, Plaintiffs-Appellees,**

v.

**The UNIVERSITY HOSPITAL; University of Arizona; Arizona Board of Regents and State of Arizona; H. Thomas Sethney, M.D., Defendants-Appellants.**

**Nos. 1 CA–CIV 8397, 1 CA–CIV 8455.**

Court of Appeals of Arizona,
Division 1, Department C.

May 8, 1986.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P.A. by Scott E. Boehm, H. Leslie Hall, M.E. Rake, Phoenix, for plaintiffs-appellees.

Teilborg, Sanders & Parks, P.C. by Frank A. Parks, James W. Kaucher, Phoenix, for defendants-appellants.

## OPINION

SHELLEY, Judge.

Walter E. Johnston and Yvonne Johnston (appellees) sued The University Hospital, *et al.* (appellants) in Pima County Superior Court for medical malpractice. The jury returned a verdict in favor of appellees. Appellees duly submitted their statement of costs together with a proposed form of judgment. Appellants objected to the entry of judgment and to the statement of costs, asserting that court costs were not assessable against the State. Appellants also asserted that appellees were not entitled to recover as taxable costs fees paid to three of appellants' doctors for taking of their depositions.

On April 3, 1985, the court heard argument on appellants' objections and took the matter under advisement. On April 4, 1985, the court, by an unsigned minute entry, sustained some of appellants' objections but overruled appellants' objection to the inclusion of fees charged by the three doctors who were deposed by appellees prior to trial. On April 4, 1985, the court signed and entered a judgment which provided that appellants pay taxable costs. The judgment failed to specify which costs were allowed and the amounts thereof. On May 6, 1985, appellants appealed from the judgment on jury fees only. Thereafter, on May 15, 1985, the court signed a written order specifying which taxable costs were allowed. This included expert witness fees for the three doctors. Appellants also appealed from this order.

Three issues are presented on appeal:

1. Was that portion of appellants' appeal pertaining to the specification and amount of taxable costs timely filed? The appeal was timely filed.

2. Are the fees charged appellants by appellees' expert witnesses for their depositions taxable costs?

3. Can a judgment for jury fees be entered against the State as the losing party in a jury trial?

## WAS THAT PORTION OF APPELLANTS' APPEAL PERTAINING TO THE SPECIFICATION AND AMOUNT OF TAXABLE COSTS TIMELY FILED?

The original judgment filed April 4, 1985 stated only that appellees were allowed taxable costs. It did not set forth the court's ruling with respect to appellants' objections to the statement of costs. The law requires that a judgment or appealable court order must be signed by the trial

judge before it is effective. *Johnson v. Nelson*, 128 Ariz. 587, 627 P.2d 1085 (App. 1981). The judgment entered April 4, 1985 was not appealable with respect to costs other than jury fees because that judgment was silent with respect to the court's rulings on the objections to the statement of costs. A.R.S. § 12–2101(A) and (C) read as follows:

A. An appeal may be taken to the court of appeals from the superior court in the instances specified in this section.

\* \* \* \* \* \*

C. From any special order made after final judgment.

The May 14th order with respect to costs, filed after the April 4th judgment, was a special order made after final judgment and therefore appellants' appeal with respect to the taxable costs in favor of appellees was timely filed. Appellees' request to dismiss on that ground is therefore denied.

### ARE THE FEES CHARGED APPELLANTS BY APPELLEES' EXPERT WITNESSES FOR THEIR DEPOSITIONS TAXABLE COSTS?

■ Appellants assert that fees charged by appellees' expert witnesses for the depositions are not taxable costs as defined by A.R.S. § 12–332. They contend that the only witness fees includable as taxable costs are the statutory witness fees specified in A.R.S. § 12–303. Section 12–303 applies only to witnesses attending the trial of the action. They cite the case of *State v. McDonald*, 88 Ariz. 1, 352 P.2d 343 (1960), as authority for their position. In *McDonald*, the party entitled to receive costs requested the payment of expert witness fees for his experts who testified *at*

trial. The fees were sought pursuant to A.R.S. § 12–332(A)(1), which reads:

Costs in the superior court include:

1. Fees of officers and witnesses.

This portion of the statute was read in *McDonald* in conjunction with A.R.S. § 12–303, which provides for the amount of pay that witnesses shall receive. Section 12–303 refers only to the payment of witnesses who attend and testify at the trial. The court stated that A.R.S. § 12–332 enumerates the taxable costs but no provision is made for expert witness fees and § 12–303 provides for the pay that witnesses shall receive. The court stated:

... we hold that the word "cost" has been limited in its meaning by A.R.S. § 12–332, wherein no provision was made for the allowance of expert witness fees.

*Id.* at 14, 352 P.2d at 351.

Section 12–332(A)(2) reads: "Cost of taking depositions." The *McDonald* court was not presented with the question as to what constitutes the "cost of taking depositions" in light of Rule 26(b)(4), Arizona Rules of Civil Procedure.[1] In our opinion, when the expert witness fees requested are for the taking of pre-trial depositions for discovery purposes, the holding in *McDonald* limiting the word "cost" at trial is not a limitation beyond the fact situation in *McDonald*, nor does *McDonald* limit the word "cost" in "cost of taking depositions" as used in § 12–332(A)(2).

Here the claim is for fees paid by appellees to appellants' experts for pretrial depositions as required by Rule 26(b)(4)(C). Appellees assert that in view of that requirement, the fees paid are taxable costs, being "cost of taking depositions" as provided in A.R.S. § 12–332(A)(2). On the other hand, appellants cite the case of *Stewart v. Lee-Stewart, Inc.*, 5 Ariz.App. 216, 425 P.2d 118 (1967), which states that if costs are

---

1. Rule 26(b)(4)(C) reads as follows:

Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b)(4)(A)(ii) and (b)(4)(B) of this rule; and (ii) with respect to discovery obtained under subdivision (b)(4)(A)(ii) of this rule the court

may require, and with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require, the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

not set forth in A.R.S. § 12–332, they are not recoverable and that experts' fees were not properly costs of the deposition.

Appellants further contend that appellees' only remedy with regard to deposition fees of the experts was under Rule 26(b)(4)(C), which allows the trial court to apportion the expert fees if justice so requires. Appellants assert that appellees' only remedy would be to file a motion for apportionment of fees and that by failing to do so, they lost their only remedy. We disagree. Rule 26(b)(4)(C) addresses only hardship cases and other cases where the party seeking discovery should be required to pay not only the fees of the expert in taking of the depositions but a portion of the other party's fees to their experts for gathering facts and arriving at expert opinions. This by no means precludes such fees paid under Rule 26 being taxable costs. The State Bar Committee Note states in part:

> If the expert is to be a witness at trial, the adverse party taking his deposition need not pay for the time he has spent equipping himself to appear, in the belief that this time would be required in any case for his appearance for the party originally calling him. On the other hand, *the time he spends in deposition on cross-examination is time which would not otherwise be required of him, and for this he should be compensated by the inquiring party,* unless, at the discretion of the court, manifest injustice would result.

Ariz.R.Civ.P. 26(b)(4) State Bar Committee Note (emphasis added).

There are no cases in Arizona which give an all-inclusive list as to what constitutes taxable costs of taking depositions. Court reporter and transcript fees have been allowed, *Visco v. First National Bank of Arizona,* 3 Ariz.App. 504, 415 P.2d 902 (1966); *Fowler v. Great American Insurance Co.,* 124 Ariz. 111, 602 P.2d 492 (App. 1979). Reasonable travel expenses for the attorneys and court reporters have also been allowed as costs of taking depositions. Thus costs of depositions cover more than just the fee of the court reporter for the taking of the deposition and his transcription fees. Rule 26(b)(4) expressly requires the party seeking discovery from an opposing party's expert to pay that expert a reasonable fee for the time spent in responding to the discovery deposition; those fees are certainly costs of taking that deposition. Expert witness fees paid as required under Rule 26(b)(4)(C) are therefore "costs of taking depositions".

Our decision is in accord with the decision of Division 2 of the Arizona Court of Appeals in *Rabe v. Cut and Curl of Plaza 75, Inc.,* 148 Ariz. 552, 715 P.2d 1240 (1986), wherein the court stated:

> We hold that if a party is required to pay an *opponent's* witness an expert fee or incurs other expenses necessarily and reasonably incurred to obtain an *adverse witness's* testimony before trial, those properly incurred expenses are taxable by the trial court pursuant to A.R.S. § 12–332(A)(2) as costs of taking depositions. Rabe does not claim the fees were not necessary or reasonable, and the trial court's award of costs is affirmed. (emphasis in original)

## CAN A JUDGMENT FOR JURY FEES BE ENTERED AGAINST THE STATE AS THE LOSING PARTY IN A JURY TRIAL?

■ Appellants assert that under A.R.S. § 12–345, the State is exempt from the payment of jury fees. This statute provides that no court costs shall be charged to the State. *City of Phoenix v. Kenly,* 21 Ariz.App. 394, 519 P.2d 1159 (1974), states:

> There is a long line of cases in Arizona interpreting A.R.S. § 12–345. Those cases hold that this statute and its predecessors, which exempts the governmental bodies and officials from court costs, refer only to those fees actually paid to the court or to court officers and not to

the recovery of taxable costs incurred by a successful litigant against such bodies and officials.

21 Ariz.App. at 397, 519 P.2d at 1162.

Appellee posits that jury fees are taxable costs and therefore the State is not exempt. Clearly jury fees are fees that are actually paid to the court. They are assessed in favor of Maricopa County. They are not taxable costs incurred by the successful litigant against the State. Jury fees are not taxable costs against the State.

The judgment of the trial court is affirmed with respect to expert witness fees and is reversed with respect to jury fees. That portion of the judgment allowing jury fees is hereby vacated.

EUBANK, P.J., and HAIRE, J., concur.