**DIAL MANUFACTURING INTERNATIONAL, INC.,**
**Plaintiff,**

v.

**McGRAW–EDISON COMPANY INTERNATIONAL, et al.,**
**Defendants.**

**No. CIV 82–634 PHX CLH.**

United States District Court,
D. Arizona.

March 25, 1987.

Neil Wake, Phoenix, Ariz., for plaintiff.

Robert C. Hackett, Phoenix, Ariz., for defendants.

## MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

Dial applied for an award of attorneys' fees and costs pursuant to Ariz.Rev.Stat. § 13–2314A. Arguing that it was completely successful, Dial sought to recover the fees incurred in asserting all of its claims in this action. After Dial attempted to commence discovery, McGraw-Edison

moved for protective relief. On January 8, 1987, the parties were directed to suspend all discovery pending the resolution of two legal issues: (1) whether Dial's antitrust claims bore any relation to the state racketeering claim and (2) what expenditures by Dial can be recovered by way of costs. These issues have now been briefed by the parties.

On February 2, 1987, McGraw-Edison filed an application for determination of its rights to attorneys' fees. McGraw-Edison argued that because it had prevailed on Dial's breach of contract claim, it was entitled to an award of attorneys' fees pursuant to Ariz.Rev.Stat. § 12–341.01. Dial did not oppose the application and on March 18, 1987, the application was granted.

The Court concludes that Dial is not entitled to recover attorneys' fees for time spent in prosecuting its antitrust claims and that Dial is entitled to recover only the costs provided by Arizona law as interpreted by the Arizona courts. On its own motion, without any briefing by the parties, the Court also concludes that Dial is not entitled to recover attorneys' fees for the time spent in prosecuting its claim against Arvin Industries, Inc.

## I. RELATED CLAIMS

The amended complaint alleged seventeen claims for relief against various corporate and individual defendants. Summary judgment was granted in defendants' favor on eleven of those claims. During trial, verdicts were directed in favor of McGraw-Edison on four claims and in favor of the individual defendants on all six claims that were being tried. The jury found in favor of McGraw-Edison on a breach of contract claim, finding that there was no contract. The jury found in favor of Dial on a state racketeering claim.

A prevailing party is one who succeeds on any significant issue in the litigation and who achieves some of the benefits sought in bringing suit. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Nadeau v. Helgemoe*, 581 F.2d 275, 278 (1st Cir.1978).

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.

*Hensley*, 103 S.Ct. at 1939.

█ A determination of what hours were reasonably expended in behalf of Dial requires an analysis of the unsuccessful claims. If they are found to be unrelated to the claim on which plaintiff prevailed, any time spent on those claims must be discounted. Conversely, if any of the unsuccessful claims are related to the claim on which plaintiff prevailed, the time spent on those related claims should not be excluded. "Where claims could have been litigated separately, fees should not be awarded for those unsuccessful separate and distinct claims which are unrelated to the claim upon which the plaintiff prevailed." *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 189, 673 P.2d 927 (App.1983).

█ Summary judgment was granted against Dial on nine claims alleging violations of federal and state antitrust laws. None of them was related to the racketeering claim. Before summary judgment was granted, the antitrust claims were to have been heard separately in a bifurcated proceeding. The April 17, 1986, order granting judgment in favor of defendants on those claims specifically stated that they were "separate and distinct from plaintiff's remaining claims." Dial is not entitled to attorneys' fees for time spent in prosecuting those nine claims.

█ Dial amended its complaint to include Arvin Industries, Inc., as an alleged co-conspirator in the nine antitrust claims. Arvin's alleged anti-competitive conduct consisted of purchasing McGraw's International Metal Products Division with knowledge of the other defendants' allegedly unlawful conduct. Summary judgment was granted in favor of Arvin. The time spent by Dial's attorneys relating to amending the complaint, responding to Arvin's discovery and opposing Arvin's motion for summary judgment cannot be included in its fee application.

Even though Dial's racketeering and breach of contract claims may be deemed to have been related, the racketeering claim did not arise out of a contract. Indeed, the jury specifically found that there was no contract. As a result, Dial is entitled to an award of attorneys' fees pursuant to Ariz.Rev.Stat. § 13–2314A, but McGraw-Edison is also entitled to reasonable attorneys' fees pursuant to Ariz.Rev. Stat. § 12–341.01 as the successful party on Dial's breach of contract claim. This court is vested with the discretion to balance these claims. *See Hensley,* 103 S.Ct. at 1941.

In view of the foregoing discussion, it will be necessary for Dial to amend its application for attorneys' fees by removing all time recorded in connection with the antitrust claims and the Arvin claim. Obviously, Dial's attorneys may have spent time on tasks that related to the racketeering claims and one or more of the other claims, e.g., preparation of the complaint. Dial is not expected to break this time into fractions representing claims relating to the racketeering claim and the unrelated claims.

In preparing an amended application, Dial also should give consideration to providing more explanation of what services were performed. For example, paralegals recorded many hours as "Work on Dial documents." See pages 78 to 82 of the application for attorneys' fees. Just what was the paralegal doing during these hours? Again, what was done by a paralegal who recorded 33.40 hours for "analysis of exhibit list"? See pages 228 and 229 of application for attorneys' fees.

## II.   COSTS

Dial filed a bill of costs seeking to have $174,644.86 taxed as costs. McGraw-Edison objected to that amount. Notwithstanding a representation in the application to the contrary, the Clerk, after ruling on McGraw-Edison's objections, taxed costs in the sum of $16,235 in favor of Dial. Dial did not seek review by the Court of the Clerk's taxation of costs as required by Local Rule 49(c) and therefore the Clerk's taxation is final.

Dial now argues that it is entitled to recover its costs of litigation under Arizona law because that state's racketeering statute entitled a prevailing plaintiff to recover "the costs of suit, including reasonable attorney's fees." Ariz.Rev.Stat. § 13–2314A.

Expenditures made by parties in civil actions are not recoverable as costs unless provided for by statute. *Sweis v. Chatwin,* 120 Ariz. 249, 251, 585 P.2d 269 (App.1978); *see also Williams v. Hagans,* 56 Ariz. 88, 105 P.2d 960 (1940).

The majority rule appears to be that where "costs of suit" or comparable language is used in an agreement or statute, the term refers to the ordinary taxable costs. *See Ott v. Speedwriting Publishing Co.,* 518 F.2d 1143, 1149 (6th Cir.1975); *First Union Trust and Savings Bank v. Bernardin,* 60 F.2d 419, 424 (8th Cir.1932); *Shannon v. Pay 'N Save Corp.,* 104 Wash.2d 722, 709 P.2d 799, 809 (1985).

Insofar as pertinent to this case, Ariz.Rev.Stat. § 12–332A provides that costs shall include fees of officers and witnesses and costs of taking depositions. The Arizona courts have held that the following expenditures are not taxable as costs: costs of exhibits in an eminent domain proceeding, *State ex rel Morrison v. Jay Six Cattle Co.,* 88 Ariz. 97, 353 P.2d 185 (1960); expense of a court reporter in reporting a trial, *Davis v. Tavasci,* 1 Ariz. App. 380, 403 P.2d 315 (1965); expert witness fees in eminent domain proceedings, *Jay Six Cattle Co.; State v. McDonald,* 88 Ariz. 1, 352 P.2d 343 (1960).

On the other hand, Arizona law permits a prevailing party to recover the following: fees charged by expert witnesses for depositions, *Johnston v. University Hospital,* 149 Ariz. 422, 719 P.2d 308 (App.1986); *Rabe v. Cut and Curl of Plaza 75, Inc.,* 148 Ariz. 552, 715 P.2d 1240 (App.1986); the cost of taking a deposition if it was taken in good faith even though the deposition was not used, *State ex rel Corbin v. Arizona Corporation Commission,* 143 Ariz. 219, 693 P.2d 362 (App.1984); and

reasonable and necessary travel expenses incurred for taking depositions, *Young's Market Co. v. Laue*, 60 Ariz. 512, 141 P.2d 522 (1943).

IT IS ORDERED that Dial file an amended application for attorneys' fees and costs consistent with the foregoing discussion within 30 days.

IT IS FURTHER ORDERED that McGraw-Edison file its application for attorneys' fees within 30 days.

IT IS FURTHER ORDERED that the parties file responsive memoranda to the applications within 15 days after receiving the applications.

IT IS FURTHER ORDERED that the parties file reply memoranda within 5 days after receiving the responses.

IT IS FURTHER ORDERED setting a scheduling conference on Monday, June 22, 1987, at 4:00 p.m., and staying discovery until then.