4 P.3d 466

Joann SCHRITTER, Plaintiff–Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Appellant.

No. 1 CA–CV. 99–0235.

Court of Appeals of Arizona, Division 1, Department D.

April 13, 2000.

As Amended May 5, 2000.

JoAnn Schritter, Tucson, Plaintiff–Appellee In Propria Persona.

Bell & O'Connor, P.C. by Linda Sauer and David M. Bell, Phoenix; for Defendant–Appellant.

## OPINION

LANKFORD, Judge.

¶ 1 JoAnn Schritter sued an insured of State Farm Mutual Automobile Insurance Company for personal injuries arising from an automobile accident. After a jury verdict, the trial court entered judgment in her favor, including an award of costs. The award included Schritter's costs of deposing her expert witnesses. State Farm timely appealed from the award of these costs. We affirm the judgment.

¶ 2 Schritter is unrepresented on appeal and failed to file an answering brief. The failure to file an answering brief can be considered a confession of error. *See Bugh v. Bugh*, 125 Ariz. 190, 191, 608 P.2d 329, 330

(1980). We have discretion to waive this rule to address a purely legal issue that should be resolved. *See id.* Because the facts are not in dispute, and the issue is one that affects many cases, we exercise our discretion to waive confession of error. Our review of a decision that certain costs are recoverable is *de novo. See Roddy v. Maricopa County,* 184 Ariz. 625, 626, 911 P.2d 631, 632 (1996).

¶ 3 Recovery of costs is governed by statute. Section 12–332(A)(1), (2) of the Arizona Revised Statutes Annotated ("A.R.S.") (Supp. 1999) includes as recoverable costs the "[f]ees of officers and witnesses" and the "[c]ost of taking depositions." The statute does not distinguish the costs of deposing other parties' witnesses from the costs of deposing one's own witnesses.

¶ 4 Two prior decisions of this Court establish that "costs of taking depositions" includes expert witness fees for depositions. *See Johnston v. University Hosp.,* 149 Ariz. 422, 424–25, 719 P.2d 308, 310–11 (App.1986); *Rabe v. Cut and Curl,* 148 Ariz. 552, 555, 715 P.2d 1240, 1243 (1986). A venerable Arizona Supreme Court decision, applying a predecessor costs statute, establishes that the successful party can recover the costs of taking his own deposition. *See White v. Frye,* 27 Ariz. 447, 451, 234 P. 34, 35 (1925). No Arizona decision holds that fees for deposing one's expert witnesses are not recoverable. We conclude that the statute authorizes the judgment awarding costs for Schritter's expert witness fees.

¶ 5 The argument to the contrary, advanced by State Farm, is that *Johnston* and *Rabe* bar a party from recovering costs for her own witnesses. These cases not only fail to support State Farm's position, they support the trial court's award.

¶ 6 According to State Farm, these decisions state that under Rule 26 of the Arizona Rules of Civil Procedure[1] each side

---

1. Rule 26(b)(4), Arizona Rules of Civil Procedure, elaborates:

    (A) A party may depose any person who has been identified as an expert whose opinions may be presented at trial.

    . . .

(C) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b)(4)(A) and (b)(4)(B) of this rule; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court

must pay "costs for deposing its own witnesses." That is not correct. The Rule does not provide for an award of "costs," but allocates deposition expenses, and neither of the cited decisions holds otherwise. Instead, these cases hold that *despite* the fact that Rule 26 anticipates that an expert's fee ordinarily will be paid by the deposing party, the costs statute changes that because it permits recovery of the expense by the successful party. *See Johnston,* 149 Ariz. at 425, 719 P.2d at 311; *Rabe,* 148 Ariz. at 555, 715 P.2d at 1243. In short, these cases decided that the costs statute and not Rule 26 governs the taxation of costs.[2] The statute permits the award of the costs of deposing witnesses.

¶ 7 We fail to see how *Johnston* and *Rabe* could indicate more clearly that Rule 26 does not contradict or limit the statute. These cases hold that the costs statute can reallocate the burden of expert witness fees, requiring the ultimately unsuccessful parties to pay them *even though Rule 26 initially assigned to the successful parties the obligation of paying* the experts' fees. These decisions stand squarely for the proposition that regardless of how Rule 26 initially allocates the *expense* of the expert's fee, the costs statute determines where the burden as a *taxable cost* finally comes to rest.[3]

¶ 8 The statute provides that the successful party recovers her costs from the other party. The statute mandates it. The Rule does not deprive her of it. The trial court correctly gave her such an award. Accordingly, the trial court's judgment is affirmed.

CONCURRING: EDWARD C. VOSS, Presiding Judge, and RUDOLPH J. GERBER, Judge.

---

shall require, the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

2. For several reasons, Rule 26 cannot limit the statutory award of costs. First, the Arizona Constitution bars the judiciary from changing substantive legislation by procedural rule. *See Roddy v. Maricopa County,* 184 Ariz. 625, 627, 911 P.2d 631, 633 (1996). In *Roddy,* we held that a court rule could not allow assessment of jury fees against the successful party because the costs statute provides that the fees be taxed as costs. *Id.* Although the judiciary may adopt procedural rules, *see* Ariz. Const. art. 6, § 5(5), the statute providing for recovery of costs is substantive. *See Roddy,* 184 Ariz. at 627, 911 P.2d at 633; *cf. In re Estate of Stavro,* 17 Ariz.App. 257, 262–63, 497 P.2d 77, 82–83 (1972) (costs are incidental damages that indemnify parties against the expense of successfully asserting their rights in court); *State v. Griswold,* 8 Ariz.App. 361, 364, 446 P.2d 467, 470 (1968) (same). Award of these costs to the successful party is mandatory under A.R.S. section 12–341. *See Roddy,* 184 Ariz. at 627, 911 P.2d at 633; *Hooper v. Truly Nolen of America, Inc.,* 171 Ariz. 692, 695, 832 P.2d 709, 712 (1992). Thus, Rule 26 may not alter, limit, or negate the mandatory award of costs under the statute.

Rule 26 does not run afoul of the constitution, however, because it does not limit the costs statute. Strictly speaking, Rule 26 is not a costs provision. Instead, it allocates the initial burden of the expense of a deposition. The Rule adopts the general proposition that whoever takes a deposition pays the witness fee and other expenses, but allows an exception. The Rule's stated exception to prevent "manifest injustice" is so that "the court can protect, when necessary and appropriate, the interests of an indigent party." Fed.R.Civ.P. 26(b)(4)(C) 1970 advisory committee's note, 48 F.R.D. 487, 505; see also *Johnston v. University Hosp.,* 149 Ariz. 422, 424–25, 719 P.2d 308, 310–11 (1986) ("Rule 26(b)(4)(C) addresses only hardship cases and other cases where the party seeking discovery should be required to pay ... a portion of the other party's fees to their experts...."). In other words, the Rule facilitates the pursuit of the facts, despite a party's financial incapacity, by permitting the court to order the opposing party to bear the expense. Otherwise the party who takes the deposition pays those expenses.

3. The Rule shifts the "expense" of depositions, and does not affect the award of "costs," which the statute governs. These words were well chosen. It is well recognized that "costs" and "expenses" are not the same, and that "costs" is a term of art referring only to recoverable expenses. *See* 10 James W. Moore, *Moore's Federal Practice* § 54.103[1] (3d ed.1999). Thus, the language of the Rule does not conflict with the statute: The Rule allocates the initial burden of "expenses," even though the statute later may shift the burden as "costs." Of course, there is no shifting back when the party who was ordered to pay the expense of a deposition is not the "successful party," for only the successful party may recover costs under the statute. Accordingly, in many cases the burden of the expense of the deposition will remain with the party who must bear it under Rule 26.