36 P.3d 739

Joann SCHRITTER, Plaintiff–Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Maricopa
County, Defendant–Appellant.

No. CV–00–0226–PR.

Supreme Court of Arizona,
En Banc.

Dec. 13, 2001.

JoAnn Schritter, Tucson, In Propria Persona.

Bell O'Connor & Campbell, P.C., by David M. Bell and Zahnie L. Soe Myint, Phoenix, Attorneys for State Farm Mutual Automobile Insurance Company.

Denneen L. Peterson, and The Langerman Law Offices, Tucson, by Amy G. Langerman, Phoenix, Attorneys for Amicus Curiae Arizona Trial Lawyers Association.

## OPINION

McGREGOR, Justice.

¶ 1 When a party takes depositions of her own expert witnesses and uses their deposition testimony in lieu of live trial testimony, can the party recover expert witness fees as taxable costs under Arizona Revised Statutes (A.R.S.) section 12 332.A? We hold the party cannot recover those fees as taxable costs.

### I.

¶ 2 JoAnn Schritter sustained injuries in an automobile accident. She sued the driver of the other car, Nancy Webb, insured by State Farm Mutual Automobile Insurance Company (State Farm). Because Schritter could not locate Webb to effect personal service, the trial court allowed State Farm to intervene.

¶ 3 Rather than call her expert medical witnesses to testify at trial, Schritter deposed her treating physicians and used those depositions at trial in place of their live testimony. The jury returned a verdict for Schritter. As the prevailing party, she filed a statement of costs that included more than $5,000 she paid to her physicians for participating in depositions. The trial court overruled State Farm's objection to the statement of costs, entered judgment in Schritter's favor, and awarded her as costs the fees charged by her physicians.

¶ 4 State Farm appealed the award of costs, alleging that the fees Schritter paid to her experts were not taxable costs under A.R.S. section 12–332. The Court of Appeals affirmed. We granted review and exercise jurisdiction pursuant to Arizona Constitution article VI, section 5.3 and A.R.S. section 12–120.24.

## II.

■ ¶ 5 The question whether certain expert witness fees may be considered taxable costs under A.R.S. section 12–332 presents an issue of statutory construction, and therefore a question of law, which we review *de novo*. *See Canon School Dist. No. 50 v. W.E.S. Constr. Co., Inc.*, 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994).

■ ¶ 6 A party to a civil action cannot recover its litigation expenses as costs without statutory authorization. *Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 193 Ariz. 401, 402 ¶ 6, 973 P.2d 106, 107 ¶ 6 (1999). Therefore, Schritter can recover the fees paid to her expert witnesses only if those fees fall within A.R.S. section 12–.332.A, which defines the costs taxable in superior court. Two categories in that statute, "[f]ees of officers and witnesses" and "[c]osts of taking depositions," A.R.S. section 12–332.A.1, 2, provide potential bases for recovery.

### A.

¶ 7 If Schritter's expert witnesses had testified at trial, she could have recovered only

those witness fees authorized by A.R.S. section 12–303.[1] In *State v. McDonald*, 88 Ariz. 1, 14, 352 P.2d 343, 351 (1960), we expressly held that "the word 'cost' has been limited in its meaning by A.R.S. § 12–332, wherein no provision was made for the allowance of expert witness fees. Should it be deemed advisable to effect a change in the law, we believe it should be done by the legislature and not by judicial fiat." *See also Parrish v. Camphuysen*, 107 Ariz. 343, 347, 488 P.2d 657, 661 (1971).[2]

¶ 8 Had Schritter called her treating physicians to testify at trial, therefore, she could not have recovered any witness fees beyond the twelve dollar daily fee authorized by section 12–303. The question now becomes whether, by taking her witnesses' depositions and using the recorded testimony in lieu of trial testimony, Schritter can bring expert witness fees within A.R.S. section 12–332.A.2, which permits recovery of the costs of taking depositions.

### B.

■ ¶ 9 Section 12–332 does not specify which litigation expenses are taxable as costs of taking depositions. Prior to 1986, this court and the court of appeals had held that the costs of depositions include fees for the court reporter and transcripts, reasonable travel expenses for attorneys and court reporters attending the deposition, and costs of copies of deposition transcripts.[3] Fees for

1. Section 12–303 reads in pertinent part: "A material witness attending the trial of a civil action shall be paid twelve dollars for each day's attendance to and including the time it was necessary for him to leave his residence and go to the place of trial and his discharge as a witness." Ariz.Rev.Stat. (A.R.S.) § 12–303 (West 1992). The legislature has not increased witness fees since 1970.

2. Several other jurisdictions subscribe to this view as well. *E.g., Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) (holding that a federal court is limited to allowing the statutorily provided $30 per day for witness fees when a prevailing party seeks reimbursement of fees paid to its own expert); *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir.1996) (stating that expert witness fees for an adverse expert are

limited to the statutory allowance of $40 per day); *Young v. State*, 16 P.3d 549, 554 (Utah 2000) (limiting the recoverable portion of an expert's fee to the one day fee to which a witness is entitled, i.e., $18.50); *cf. Flanagan v. Prudhomme*, 138 N.H. 561, 644 A.2d 51, 63 (1994) (construing the statutorily allowed "actual costs of expert witnesses" to be limited to charges directly related to the expert's "appearance and testimony in court").

3. *State ex rel. Corbin v. Arizona Corp. Comm'n*, 143 Ariz. 219, 230, 693 P.2d 362, 373 (App. 1984); *Johnston v. University Hosp.*, 149 Ariz. 422, 425, 719 P.2d 308, 311 (App.1986); *Young's Market Co. v. Laue*, 60 Ariz. 512, 517, 141 P.2d 522, 524 (1943); *Fowler v. Great American Ins. Co.*, 124 Ariz. 111, 114, 602 P.2d 492, 495 (App. 1979).

experts, however, generally were not allowed. *Parrish,* 107 Ariz. at 347, 488 P.2d at 660.

¶ 10 In 1986, the court of appeals expanded the definition of "cost[s] of taking depositions" to include expert witness fees paid to an adverse party's expert for time spent in providing his deposition testimony. *See Johnston,* 149 Ariz. at 425, 719 P.2d at 311; *Rabe v. Cut and Curl of Plaza 75, Inc.,* 148 Ariz. 552, 555, 715 P.2d 1240, 1243 (App. 1986). In reaching its conclusion, the court looked to the policies underlying Arizona Rule of Civil Procedure 26 (Rule 26) for guidance. *Id.*

¶ 11 Rule 26, one of the procedural rules governing discovery and depositions, requires payment by the adverse party to an expert whose deposition that party takes. Ariz. R. Civ. P. 26(b)(4)(C). The state bar committee note following the rule indicates that the rule contemplates dividing an expert's time into two portions, only one of which the adverse party must fund:

> If the expert is to be a witness at trial, the adverse party taking his deposition need not pay for the time he has spent equipping himself to appear, in the belief that this time would be required in any case for his appearance for the party originally calling him. On the other hand, the time he spends in deposition on cross-examination is time which would not otherwise be required of him, and for this he should be compensated by the inquiring party, unless, at the discretion of the court, manifest injustice would result.

Ariz. R. Civ. P. 26(b)(4) state bar committee note to 1970 amendment.

¶ 12 The court of appeals concluded that because Rule 26 requires a party to pay an opponent's witness an expert fee for time not otherwise required of the expert witness, a fee charged for time spent responding to deposition discovery should be regarded as a cost of taking depositions and within the contemplation of A.R.S. section 12–332.A.2. *Johnston,* 149 Ariz. at 425, 719 P.2d at 311; *Rabe,* 148 Ariz. at 555, 715 P.2d at 1243. We agree.

¶ 13 The rationale for treating such fees as costs of a deposition does not apply, however, to expert witness fees charged by a party's own experts. Because Schritter both retained and deposed her experts, she did not take her experts' depositions to obtain discovery, the underlying purpose of Rule 26 depositions, so the procedure she followed does not implicate the purposes of the fee apportionment of Rule 26(b)(4)(C). She paid her experts not because the rule required her to do so to learn their opinions, but rather because she chose to obtain their testimony through depositions instead of at trial. Nor did Schritter's expert witnesses spend time that otherwise would have been unnecessary: they would have prepared to testify and been subjected to direct examination if she had called them at trial. The considerations of Rule 26(b)(4)(C) that govern fees paid to adverse witnesses therefore do not apply, and we see no justification for treating expert witness fees as taxable costs under these circumstances.[4]

### C.

¶ 14 In engaging in statutory interpretation we attempt to implement the statute's text. *Canon School Dist.,* 177 Ariz. at 529, 869 P.2d at 503. Because Schritter used her treating physicians' depositions at trial, the fees she paid to obtain those depositions operated in essence as fees paid for their trial testimony. We are unwilling to manipulate the statute to allow a party to recover as taxable costs, under section 12–332.A.2, the functional equivalent of witness fees not recoverable under section 12–332.A.1. There-

4. Other jurisdictions have reached the same conclusion. For instance, the Oklahoma Supreme Court has held that a plaintiff's expenses for deposing his own expert are not recoverable costs, even in light of a statute with language identical to Rule 26(b)(4)(C), indicating that the statute referred only to fees paid to an adverse expert. *Dulan v. Johnston,* 687 P.2d 1045, 1048 (Okla.1984); *see also Lee v. Pelfrey,* 81 Ohio Misc.2d 52, 675 N.E.2d 80, 83 (1997) (disallowing as costs witness fees paid to obtain an expert's deposition). Other jurisdictions do not consider even fees charged by adverse expert witnesses taxable costs. *E.g., Poland v. Webb,* 711 A.2d 1278, 1281 (Me.1998) (interpreting a statute that provides for taxation of "expert witness fees" and "costs of depositions").

fore, we hold that A.R.S. section 12–332.A.1 governs Schritter's recovery of the fees paid to her own expert witnesses for their deposition testimony, and A.R.S. section 12–303 limits the amount of the recovery.

## III.

¶ 15 Amicus curiae argues that allowing a party to recover the costs of taking the depositions of his own expert witnesses in lieu of calling them at trial would benefit the judicial system. Amicus asserts that shifting the cost of an expert's deposition to the losing party encourages parties to depose experts rather than call them at trial, which in turn reduces the overall cost for obtaining expert testimony. While that statement may be true in some instances, the opposite may be true in others. For example, if the witnesses in question reside or work near the court, as is true of most of Schritter's expert witnesses, in-court testimony would avoid other out-of-pocket costs of depositions, and could provide a less, not more, expensive approach.

¶ 16 Amicus also argues that allowing a prevailing party to recover expert witness deposition fees would benefit plaintiffs who bring actions against wealthier defendants. Setting aside the fact that the statute governing costs is not intended to prefer one class of litigants over another, the factual basis for the argument that recovering such fees would benefit less wealthy parties is far from clear. Arguably, were expert fees recoverable as taxable costs, wealthier parties could depose their highly-paid experts at length, plan to use the depositions in lieu of live trial testimony, and then use the possibility of recovering the deposition fees as taxable costs as a means of gaining settlement leverage. The rule urged by amicus curiae would benefit the prevailing party, but that benefit would operate regardless of the relative wealth of the parties.

¶ 17 In A.R.S. section 12–332, the legislature has provided a short and exclusive list of the costs that may be taxed in the superior court. That list does not currently include the expenses a party incurs in taking the depositions of her own expert witnesses. This court cannot alter the substantive rights provided by the legislature in the costs statute by interpreting the statute to encompass costs the legislature did not include. The policy argument advanced by amicus thus should be addressed to the legislature rather than to this court.[5]

## IV.

¶ 18 We vacate the opinion of the Court of Appeals and remand this matter to the Superior Court to allocate costs in a manner consistent with this opinion.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, STANLEY G. FELDMAN, Justice, and FREDERICK J. MARTONE, Justice.

---

5. Legislative amendment of the costs statute is not the exclusive avenue for allocating the expenses of expert witness depositions. Under section 12–332.A.6, the parties may agree to share such costs or impose them on the losing party. A.R.S. § 12–332.A.6.