160 P.3d 1201

Gordon LEVY, a married man, Plaintiff/Appellant,

v.

Sylvia ALFARO and Jose Alfaro, wife and husband, Defendants/Appellees.

No. 1 CA–CV 06–0141.

Court of Appeals of Arizona, Division 1, Department B.

June 19, 2007.

Law Office of Craig Stephan, Scottsdale, by Craig A. Stephan, Attorney for Plaintiff/Appellant.

Swenson, Storer, Phoenix, Andrews, Frazelle & Riviere, P.C. by Lloyd J. Andrews, Attorneys for Defendants/Appellees.

## OPINION

BARKER, Judge.

¶ 1 In this Opinion we address whether the term "reasonable expert witness fees" as

Phoenix filed amicus curiae briefs. This decision does not address the questions posed in those briefs.

used in Arizona Rule of Civil Procedure 68(d) is limited to fees paid to expert witnesses for testifying at trial. Finding that term is not so limited, we affirm the trial court's award of sanctions under Rule 68.

### Pertinent Facts and Procedural Background[1]

¶2 Gordon Levy appeals from the trial court's award of costs as sanctions to Sylvia and Jose Alfaro under Rule 68 of the Arizona Rules of Civil Procedure. The award followed a jury verdict in favor of Levy on his claim for personal injury and property damage resulting from a motor vehicle collision.

¶3 The Alfaros own a vehicle from which they operate a mobile snack business. On October 22, 2003, one of the Alfaros' employees, Juana Solana Garcia, opened the passenger side door of the Alfaros' vehicle into the side of a vehicle driven by Levy. Levy filed a complaint against the Alfaros, alleging Garcia had negligently caused the collision, and, as a result, caused Levy personal injuries and property damage. The Alfaros filed an offer of judgment pursuant to Rule 68 in the amount of $6,800. Levy did not accept the offer. The matter went to trial. The jury returned a verdict finding that the portion of the damages attributable to the Alfaros was $6,294.02.

¶4 The court entered judgment on the verdict awarding Levy $6,294.02, plus his taxable costs of $2,779.10. The trial court offset the judgment in favor of Levy by $16,092.70, the amount it found Levy owed to the Alfaros as a sanction under Rule 68(d). The Alfaros sought sanctions under Rule 68(d) because the jury verdict was less than the amount they offered to pay Levy to settle the matter before trial. The sanctions included $10,977.50 for the Alfaros' expert witness fees. A portion of the expert witness fees was for time spent by the experts testifying in court. The remainder of the fees was for the experts' time spent reviewing depositions, conferencing with attorneys, preparing to testify, and other pre-trial activi-

ties. After the offset, the court entered a judgment of $7,018.88 in favor of the Alfaros and deemed the judgment in favor of Levy satisfied.

¶5 Levy timely appealed. This court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–2101(B) (2003) and 12–120.21(A)(1) (2003).

### Discussion

¶6 Levy contends that expert witness fees may only be recovered under Rule 68 for time the expert spent testifying at trial. We review the meaning and effect of a court rule de novo. *Pima County v. Pima County Law Enforcement Merit Sys. Council*, 211 Ariz. 224, 227, ¶13, 119 P.3d 1027, 1030 (2005) (citing *Perguson v. Tamis*, 188 Ariz. 425, 427, 937 P.2d 347, 349 (App.1996)). In construing court rules, we examine first the language of the rule and turn only to other rules of construction if the meaning of the language is in doubt. *Bergeron ex rel. Perez v. O'Neil*, 205 Ariz. 640, 646, ¶16, 74 P.3d 952, 958 (App.2003); *Vega v. Sullivan*, 199 Ariz. 504, 507, ¶8, 19 P.3d 645, 648 (App.2001).

¶7 Rule 68(a) provides, "[a]t any time more than 30 days before the trial begins, any party may serve upon the adverse party an offer to allow judgment to be entered in the action in accordance with the terms and conditions specified in the offer, plus costs then accrued." Ariz. R. Civ. P. 68(a). If the offer to allow judgment is not accepted, and the

> judgment finally obtained is equal to, or more favorable to the offeror than, the offer, the offeree must pay, as a sanction, *those reasonable expert witness fees* and double the taxable costs of the offeror, as defined in A.R.S. § 12–332, incurred after the making of the offer.

Ariz. R. Civ. P. 68(d) (emphasis added).

¶8 The plain language of Rule 68(d) allows the trial court to award reasonable expert witness fees to an offeror if the

---

1. There are other issues raised on appeal that are addressed in this court's Memorandum Decision filed this date pursuant to Arizona Rule of Appellate Procedure 28 providing for partial publica-

tion. We have stated here only the facts and procedural history necessary to the resolution of the issue we address in this Opinion.

judgment finally obtained is more favorable than the offer. *Id.* Rule 68(d) requires only that the expert witness fees are reasonable and were incurred after the offer was made. *Id.* The rule does not limit such an award to those fees incurred for time spent testifying. *Id.* An award of fees is mandatory in this setting. *Id.* ("the offeree *must* pay") (emphasis added).

¶ 9 Levy asserts that *Rabe v. Cut and Curl of Plaza 75, Inc.,* 148 Ariz. 552, 555, 715 P.2d 1240, 1243 (App.1986), and Arizona Rule of Civil Procedure 54(f)(2) support his position that expert fees under Rule 68(d) should be limited to those incurred for testifying at trial. We disagree. In *Rabe,* this court addressed the scope of the "[c]ost of taking depositions" under A.R.S. § 12–332(A)(2) (2003), in determining the proper award of costs to the successful party in a civil action. *Rabe,* 148 Ariz. at 554–55, 715 P.2d at 1242–43. The trial court ruled that fees for medical witnesses and expert witnesses, beyond witness fees plus mileage as permitted by A.R.S. § 12–303 (2003), were permissible. *Id.* at 554, 715 P.2d at 1242. We affirmed, holding that "if a party is required to pay an *opponent's* witness an expert fee or incurs other expenses necessarily and reasonably incurred to obtain an *adverse witness's* testimony before trial," those costs may be assessed pursuant to A.R.S. § 12–332(A)(2). *Id.* at 555, 715 P.2d at 1243. *Rabe* construes a different statute, with different language. There is nothing in *Rabe* that would limit expert witness fees under Rule 68(d) to those incurred for testifying at trial.

¶ 10 As to Levy's Rule 54(f)(2) argument, that rule pertains to medical malpractice cases only. It states:

In medical malpractice cases only, witness fees, set forth in A.R.S. § 12–332(A)(1) as taxable costs in the Superior Court, shall include reasonable fees paid expert witnesses for testifying at trial.

Ariz. R. Civ. P. 54(f)(2). There is nothing in Rule 54(f)(2) that would suggest it should act as a limitation on "reasonable expert witness fees" that may be awarded under Rule 68(d).

¶ 11 In *Foster ex rel. Foster v. Weir,* 212 Ariz. 193, 195–97, ¶¶ 4–19, 129 P.3d 482, 484–86 (App.2006), we construed Rule 54(f)(2).

We rejected the argument that expert fees "for testifying at trial," under Rule 54(f)(2), should include "the dramatic shift in responsibility for experts' *preparation expenses.*" *Id.* at 197, ¶ 13, 129 P.3d at 486 (emphasis added). Although Rule 68(d) was not at issue, we noted, consistent with our holding here, that Rule 68(d) "provides such a mechanism" for the recovery of experts' preparation expenses. *Id.* at 196, ¶ 12, 129 P.3d at 485.

■ ¶ 12 Rule 68 is intended to encourage settlement and avoid protracted litigation. *Twin City Constr. of Fargo, N.D. v. Cantor,* 22 Ariz.App. 133, 135, 524 P.2d 967, 969 (App.1974). The explicit language of Rule 68(d) directs the trial court to award "reasonable expert witness fees" as a sanction, in addition to an award of double taxable costs, when the judgment finally obtained is more favorable to the offeror than the offer. Rule 68(d) separates "reasonable expert witness fees" from taxable costs. The purpose of the provision for "reasonable expert witness fees" would be lost if it was limited to those expert witness fees already recoverable as costs.

¶ 13 Indeed, the Rule 68(d) language increasing the sanctions to include reasonable expert witness fees was proposed in response to the Arizona Supreme Court's call for "consideration of further amendments to make the offer of judgment procedure an even more effective vehicle for the settlement of claims." Ariz. R. Civ. P. 68, 1992 State Bar Committee Notes. It is wholly consistent with this objective, and the language of the rule, to include as a sanction the entirety of the opposing party's reasonable expert witness fees incurred after the making of the offer, not just those incurred while testifying at trial.

¶ 14 Accordingly, we hold that a sanction of "reasonable expert witness fees" under Rule 68(d) is not limited to those fees incurred for trial testimony, but includes all "reasonable expert witness fees" incurred after the offer of judgment was made. We find no error in the trial court's award of sanctions to the Alfaros under Rule 68(d).

*Conclusion*

¶ 15 For the foregoing reasons, and those set forth on other issues in the separately filed Memorandum Decision, we affirm.

CONCURRING: PATRICIA K. NORRIS, Presiding Judge, and JON W. THOMPSON, Judge.