IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

_____

ETHAN NEWMAN, *Plaintiff/Appellee*,

*v.*

SELECT SPECIALTY HOSPITAL-ARIZONA, INC., a Delaware
corporation, dba SELECT SPECIALTY HOSPITAL ARIZONA
(SCOTTSDALE CAMPUS); SELECT MEDICAL CORPORATION,
a Delaware corporation, *Defendants/Appellants*.

_____

ETHAN NEWMAN, *Plaintiff/Appellant*,

*v.*

SELECT SPECIALTY HOSPITAL- ARIZONA, INC., a Delaware
corporation, dba SELECT SPECIALTY HOSPITAL ARIZONA
(SCOTTSDALE CAMPUS); SELECT MEDICAL CORPORATION,
a Delaware corporation, *Defendants/Appellees*.

_____

No. 1 CA-CV 13-0665
FILED 4-7-2016

_____

Appeal from the Superior Court in Maricopa County
No. CV2010-033589
The Honorable Arthur T. Anderson, Judge

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

_____

COUNSEL

Law Office of Scott E. Boehm, PC, Phoenix
By Scott E. Boehm
*Co-Counsel for Plaintiff/Appellee, Plaintiff/Appellant*

Wilkes & McHugh, PA, Phoenix
By Melanie Bossie, Donna Y. Oh
*Co-Counsel for Plaintiff/Appellee, Plaintiff/Appellant*

Broening, Oberg, Woods & Wilson, PC, Phoenix
By James R. Broening, Megan E. Gailey
*Counsel for Defendants/Appellants, Defendants/Appellees*

---

## OPINION

Presiding Judge John C. Gemmill delivered the opinion of the Court, in which Judge Kenton D. Jones and Judge Maurice Portley joined.

---

**G E M M I L L**, Judge:

**¶1** Plaintiff Ethan Newman brought this action for injuries he sustained while in the care of defendants Select Specialty Hospital-Arizona, Inc., dba Select Specialty Hospital Arizona (Scottsdale Campus) and Select Medical Corporation (collectively, "the Hospital"). Newman appeals the superior court's ruling granting judgment as a matter of law for the Hospital on the issue of punitive damages and its award of costs and attorney fees. The Hospital also appeals the award of attorney fees. Because the issue of punitive damages should have been presented to the jury, we reverse the superior court's ruling and remand for further proceedings regarding punitive damages. We affirm the court's rulings on costs and attorney fees.

### BACKGROUND

**¶2** We state the facts in the light most favorable to Newman, the prevailing party at trial. *Hutcherson v. City of Phoenix*, 192 Ariz. 51, 53, ¶ 13 (1998). In December 2008, a motor vehicle accident rendered eighteen-year-old Newman a quadriplegic. After seventeen days of treatment at a local hospital, Newman was transferred to the Hospital for ongoing care. Newman had a wound on his sacrum when he was admitted to the

2

Hospital. During his stay at the Hospital, the wound progressed to a Stage III pressure sore. In January 2009, Newman was transferred from the Hospital, but despite proper treatment at another facility, the wound did not heal for approximately six months. The wound area remains painful and re-opens easily, requiring Newman to return to bed from his wheelchair every 4-6 hours to relieve pressure.

¶3 In December 2010, Newman filed this action alleging the Hospital's care violated Arizona's Adult Protective Services Act ("APSA") and Arizona Revised Statutes ("A.R.S.") sections 46-451 through -459, and seeking compensatory and punitive damages. After the close of Newman's evidence at trial, the court granted the Hospital's motion for a directed verdict on punitive damages, ruling Newman had not offered sufficient evidence to clearly and convincingly establish that the Hospital acted with an evil mind. The jury found in favor of Newman and awarded him $250,000 in compensatory damages. The court denied Newman's motion for a new trial on the punitive damages issue.

¶4 Although, at the time of the verdict, A.R.S. § 46-455(H)(4) did not provide for an award of attorney fees to a prevailing claimant, Newman applied for an award of attorney fees under a prior version of the statute, arguing his right to fees accrued when his claim accrued. The Hospital opposed the request, arguing that any right to attorney fees did not accrue until the jury rendered its verdict, and the statute in effect at that time did not allow the court to award attorney fees to a successful claimant. The court ruled that the version of the statute in effect when Newman's claim accrued in January 2009 applied, but found the $388,400 in attorney fees he requested was not reasonable. The court ultimately awarded Newman $112,500 in attorney fees.

¶5 Newman also asked the court to award him "costs of suit," totaling $48,544.06, pursuant to A.R.S. § 46-455(H)(4). The Hospital opposed many of the claimed costs on the ground that they were not "taxable costs" under A.R.S. § 12-332. Newman maintained that § 46-455(H)(4) allows the court to award not just the "taxable costs" available under § 12-332, but all reasonable costs that Newman incurred to successfully obtain a verdict. The court rejected Newman's argument and awarded him only the costs he incurred that would be recoverable under § 12-332.

¶6 The Hospital and Newman both timely appealed the judgment. Newman argues the superior court erred by: (1) granting the Hospital's motion for judgment as a matter of law on his claim for punitive

damages; (2) finding that he did not establish a prima facie case that the amount of his requested attorney fees was reasonable; and (3) limiting his recovery of costs under § 46-455(H)(4) to the taxable costs recoverable under § 12-332. The Hospital contends the superior court erred by awarding attorney fees to Newman because, at the time of the verdict, § 46-455(H)(4) did not allow a claimant to recover attorney fees.

## ANALYSIS

### I. Jurisdictional Challenge to Hospital's Appeal

¶7 We initially address Newman's claim that this court does not have jurisdiction to hear the Hospital's appeal. Newman contends the Hospital's notice of appeal was premature and, therefore, a nullity. *See Craig v. Craig*, 227 Ariz. 105, 107, ¶ 13 (2011). Before trial, the superior court granted the Hospital's motion to dismiss all claims against Sharon Anthony, the Hospital's Chief Executive Officer, in an unsigned minute entry. Thereafter, on September 10, 2013, the court entered a judgment on the jury verdict and disposed of Newman's applications for attorney fees and costs. Both parties appealed the judgment. The superior court later signed Newman's proposed form of order dismissing all claims against Anthony, and Newman filed an amended notice of appeal. Because Anthony had not been formally dismissed and the September 10 judgment did not contain an express determination pursuant to Arizona Rule of Civil Procedure 54(b), Newman argues this court lacks jurisdiction over the Hospital's appeal. Newman asserts the Hospital was required, and failed, to file an amended notice of appeal once the court signed the Anthony order.

¶8 Although we agree that the Hospital's notice of appeal was premature, we reject Newman's argument because the *Barassi* exception applies to these facts. *See Barassi v. Matison*, 130 Ariz. 418, 421–22 (1981). Under *Barassi*, a premature notice of appeal is nevertheless effective if it is filed after the superior court has made a final decision, the decision is not likely to change, and the only tasks remaining are ministerial. *Craig*, 227 Ariz. at 107, ¶ 13; *Baker v. Bradley*, 231 Ariz. 475, 481, ¶ 19 (App. 2013). When the Hospital filed its notice of appeal, all issues remaining in the case had been adjudicated. The signed order formally dismissed Anthony "as set forth in the Court's unsigned minute entry dated August 31, 2012 and filed on September 4, 2012," and did not purport to change or modify that minute entry. Because the order was fully consistent with the court's previous ruling, its entry was essentially a ministerial act. *See Baker*, 231 Ariz. at 482, ¶ 26 ("[T]he June 10 judgment is consistent with the April 22 minute entry,

and entry of the judgment appears to have been a ministerial act."). Finally, Newman is not prejudiced by either the Hospital's premature appeal or our exercise of appellate jurisdiction. Accordingly, the *Barassi* exception applies, and this court has jurisdiction over the Hospital's appeal (as well as Newman's appeal) under A.R.S. § 12-2101(A)(1).

## II. Judgment as a Matter of Law Regarding Punitive Damages

**¶9** Newman argues that because he offered evidence from which a reasonable jury could conclude that the Hospital consciously disregarded a substantial risk of harm, the superior court erred by granting the Hospital's motion for a directed verdict on the issue of punitive damages. We review de novo the court's grant of judgment as a matter of law. *Nardelli v. Metro. Grp. Prop. & Cas. Ins. Co.*, 230 Ariz. 592, 604–605, ¶ 62 (App. 2012); *Hudgins v. Sw. Airlines, Co.*, 221 Ariz. 472, 486, ¶ 37 (App. 2009).

**¶10** To support an award of punitive damages, the plaintiff need not present direct evidence; punitive damages may be awarded based on circumstantial evidence and the reasonable inferences drawn therefrom. *Quintero v. Rogers*, 221 Ariz. 536, 541, ¶¶ 17–18 (App. 2009) (a jury may "consider a punitive damages award if sufficient circumstantial evidence exists" (internal quotation omitted)). When considering whether the issue of punitive damages was properly withdrawn from the jury, we must construe "the evidence and all reasonable inferences that may be drawn from the evidence" in a light most favorable to party seeking such damages. *See Thompson v. Better-Bilt Aluminum Prods. Co., Inc.*, 171 Ariz. 550, 558 (1992).

**¶11** APSA authorizes a court or jury to award punitive damages under generally applicable common law principles. A.R.S. § 46-455(H)(4). Under Arizona common law, more than the "mere commission of a tort" is required to warrant recovery of punitive damages. *Rawlings v. Apodaca*, 151 Ariz. 149, 162 (1986) (quoting Keeton et al., *Prosser and Keeton on Torts* § 2, at 9-10 (5th ed. 1984)). A plaintiff must also establish that the defendant's wrongful conduct was coupled with an "evil mind." *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 332 (1986); *see also Rawlings*, 151 Ariz. at 162.

**¶12** As applicable here, a defendant acts with an evil mind when it either intends to injure the plaintiff or "consciously pursue[s] a course of conduct knowing that it create[s] a substantial risk of significant harm to others." *Rawlings*, 151 Ariz. at 162. When the wrongdoer is conscious of the harm posed by its tortious conduct, but continues to "act in the same

manner in deliberate contravention to the rights of the victim," punitive damages are appropriate in order to both punish the wrongdoer and deter others from acting in the same manner. *Linthicum*, 150 Ariz. at 330.

¶13 Newman contends the Hospital's nurses and employees had been ordered to reposition Newman, clean his wound, and administer medication, and they understood the importance of these precautions and the risk of improper care of pressure sores, and yet they failed to follow these orders. Accordingly, Newman asserts the evidence was sufficient to present a jury issue regarding whether the Hospital acted with the requisite evil mind. The Hospital argues that although such omissions certainly may have formed the basis for the jury's finding that the Hospital was liable for abuse of a vulnerable adult, they do not, by themselves, rise to the level of conduct warranting punitive damages.

¶14 Newman presented evidence that the Hospital's nurses were aware of Newman's pressure sore and of the required courses of treatment for that wound. The Hospital's policies and procedures manual required that Newman be assessed, repositioned, and cleaned several times each day. Newman's physician also prescribed a topical medication to be administered to Newman's pressure sore twice each day. Moreover, Hospital staff testified that they were aware of the required treatment for Newman's sore and were aware that failure to uphold the treatment standards risked severely exacerbating Newman's condition.

¶15 The circumstantial evidence presented at trial was sufficient to support inferences that the Hospital failed to treat Newman and, in so doing, disregarded a known risk of substantial harm. For twelve days, Newman's chart contains no records that the Hospital staff performed the required assessments of the wound. Similarly, for eight days, there are no records indicating the Hospital applied the topical medication prescribed to treat Newman's existing wound. A member of the nursing staff testified that such gaps in charting should have prompted further investigation into Newman's treatment in order to determine whether he was receiving adequate care. Eventually, the harm posed by a failure to timely assess and treat the wound actually occurred: Newman's pressure sore became much worse and continues to require frequent treatment.

¶16 On the facts presented at trial, a reasonable jury could find, by clear and convincing evidence, that the hospital consciously disregarded a known risk of substantial harm in direct violation of Newman's rights. *See Linthicum*, 150 Ariz. at 330. Accordingly, the jury should have been allowed to determine whether the Hospital acted with an "evil mind." The

superior court erred by granting judgment as a matter of law on this issue, and we remand for a new trial to determine whether the evidence supports an award of punitive damages.

## III. Attorney Fees

**¶17** Both Newman and the Hospital challenge the superior court's award of attorney fees. The Hospital contends the court erred by ruling Newman was entitled to an award of fees pursuant to a statute in effect at the time Newman's claim accrued. Newman argues the court erred by not awarding him the full amount of his claimed attorney fees. We review the court's award for an abuse of discretion but examine issues of law de novo. *Geller v. Lesk*, 230 Ariz. 624, 627, ¶ 8 (App. 2012), *as amended* (Sept. 26, 2012).

### A. Attorney Fees Under A.R.S. § 46-455(H)(4)

**¶18** At the time of Newman's stay at the Hospital, APSA provided that after a determination of liability, the superior court could order the payment of reasonable attorney fees not exceeding "two times the total amount of compensatory damages that are awarded in the action," plus additional attorney fees in its discretion. A.R.S. § 46-455(H)(4) (2005) ("the 2005 Version"). When Newman filed this action, however, the statute had been amended to allow the court to order the payment of reasonable attorney fees that did not exceed "the total amount of compensatory damages that are awarded in the action," plus additional attorney fees in the court's discretion. A.R.S. § 46-455(H)(4) (2010) ("the 2010 Version"). At the time of the verdict, the statute had once again been amended and the provisions allowing an award of attorney fees were removed entirely. A.R.S. § 46-455(H)(4) (2012) ("the 2012 Version").

**¶19** The superior court ruled Newman was entitled to attorney fees under the 2005 Version because it was in place at the time of the events that gave rise to his statutory claim. On appeal, the Hospital argues that because the 2012 Version took effect before Newman's claim for attorney fees had vested, the superior court erred when it did not apply that version. Newman argues that were the court to follow the 2012 Version, it would constitute a retroactive application of the statute in violation of his vested substantive rights.

**¶20** The right to an award of attorney fees is a substantive right. *See Bouldin v. Turek*, 125 Ariz. 77, 78 (1979) (declaring that a "statute providing for an award of attorney fees is similar in effect to one changing the measure of damages . . . [and] such a provision is substantive and not procedural."). Under Arizona law, a statute may not apply retroactively to

7

impair a substantive right unless it contains an express statement of retroactive application. A.R.S. § 1-244; *see also Allen v. Fisher*, 118 Ariz. 95, 96 (App. 1977) ("It is well established that a statute will have prospective operation only unless it appears that it was intended to have retroactive effect."); *see also Aranda v. Indus. Comm'n*, 198 Ariz. 467, 470, ¶ 11 (2000) ("Enactments that are procedural only, and do not alter or affect earlier established substantive rights may be applied retroactively."). Once a substantive right vests, it may not be impaired. *Hall v. A.N.R. Freight System, Inc.*, 149 Ariz. 130, 139–40 (1986).

**¶21**        A right vests "when it is actually assertable as a legal cause of action." *Hall*, 149 Ariz. at 140. Applying the Supreme Court's reasoning in *Hall*, this court in *Brunet v. Murphy*, 212 Ariz. 534 (App. 2006), held that a claimant's rights under APSA vest at the time an APSA claim is filed. *Brunet* explained that "the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest" when the holder of that right "chooses to assert it" in the form of a claim or lawsuit. 212 Ariz. at 537–38, ¶ 13 (quoting *Hall*, 149 Ariz. at 140); *see also Steinfeld v. Nielsen*, 15 Ariz. 424, 465 (1913). Therefore, the date on which an APSA claimant "file[s] an action in superior court" under A.R.S. § 46-455 determines the time at which a right vests under that APSA claim. *Brunet*, 212 Ariz. at 538, ¶ 15.

**¶22**        The Hospital contends that because Newman was not entitled to fees until the jury returned a verdict in his favor, his right thereto did not vest until he filed an application for attorney fees. The Hospital relies on three cases, *Chaffin v. Commissioner of Arizona Department of Real Estate*, 164 Ariz. 474 (App. 1990), *Wilson v. Arizona Registrar of Contractors*, 161 Ariz. 617 (App. 1989), and *Harrison v. Ellis*, 146 Ariz. 222 (App. 1985), in which this court ruled that the plaintiffs' claims for attorney fees did not vest until a judgment was entered and an application for an award was filed. Those three cases, however, dealt with a plaintiff's right to recover attorney fees from a secondary recovery fund. *Harrison*, 146 Ariz. at 225; *Wilson*, 161 Ariz. at 619; *Chaffin*, 164 Ariz. at 479. Because entry of a judgment was a prerequisite for obtaining relief from the fund in each case, the court found that the right to attorney fees vested when such a judgment was entered. *Id.*

**¶23**        In contrast, whether attorney fees were available as part of the measure of damages for this APSA claim is determined by statute, which, at the relevant time, granted a successful plaintiff a right to damages and attorney fees. *Wilson*, *Harrison*, and *Chaffin* are therefore inapplicable because the right to attorney fees under APSA exists before entry of

judgment on the APSA claim, and, accordingly, vests when a litigant files an APSA claim. *Brunet*, 212 Ariz. at 538, ¶¶ 15–16 (App. 2006) (explaining that a litigant's statutory rights under APSA vested when a claim was filed); *see also Abrams*, 137 Ariz. at 80.

**¶24**    We therefore reject the Hospital's argument that Newman's right to attorney fees did not vest until after the jury returned the verdict. We hold instead that Newman's right to attorney fees vested when he filed the lawsuit and requested an award of attorney fees. Therefore, the 2010 Version controls. Because the 2012 Version of A.R.S. § 46-455 does not state that it is to be applied retroactively, his right to recover attorney fees was not impaired by the subsequent amendment of the statute. Furthermore, as discussed below, the court permissibly limited Newman's attorney fees to $112,500, an amount within the lower limit imposed by the 2010 Version. Although it erred in applying the 2005 Version of the statute, the superior court had the authority to award attorney fees under the applicable 2010 Version.

### B.    Amount of Attorney Fees

**¶25**    The superior court awarded Newman $112,500 in attorney fees, the amount owed to his attorneys under their contingency fee agreement. Newman, however, sought fees based on the actual time counsel spent litigating his claim. Newman argues the superior court abused its discretion by finding he had not made a showing of reasonableness for his request of $388,400 in attorney fees.

**¶26**    "When dealing with a contingency agreement, the prevailing way to show reasonableness is through contemporaneous logs and not an offhand approximation of hours worked." *Geller*, 230 Ariz. at 629, ¶ 14. Nonetheless, contemporaneous time logs are not required in all circumstances and the court may award attorney fees based on "partially reconstructed" time records so long as the fees requested are reasonably supported. *See Assyia v. State Farm Mut. Auto Ins. Co.*, 229 Ariz. 216, 222, ¶¶ 22–24 (App. 2012).

**¶27**    Here, the court determined that Newman's counsel did not consistently complete contemporaneous descriptions of their work and recreated some time entries based upon their own recollections and references to various sources. It ruled that "[i]n light of this inconsistent procedure, the Court cannot find that the submitted time records, as a whole, are reasonably contemporaneous or trustworthy." The court found that Newman's retainer agreement with his counsel, which provided for

attorney fees of 45 percent of all sums recovered, was a reasonable determination of attorney fees for the case and awarded him $112,500 (45 percent of $250,000).[1]

**¶28**      Newman contends he met his obligation to show that the requested fees were reasonable and derived from contemporaneous time logs, citing his itemized fee application and the supporting affidavits of his counsel. However, counsel's responses to the court's questioning show the time records were not kept contemporaneously and were, in many cases, estimated. Further, counsel could not explain how she knew the entries were correct nor describe the time necessary to perform a particular task, undermining her claim that her familiarity with APSA cases allowed her to accurately reconstruct her records several years after the tasks were reportedly performed.

**¶29**      Newman argues that the court erred because the Hospital did not object to any particular time approximations, and the court did not make any effort to determine which entries were contemporaneous and which were later approximated. It was Newman, however, who bore the burden to establish a reasonable basis for a fee award. *Nolan v. Starlight Pines Homeowners Ass'n,* 216 Ariz. 482, 490–91, ¶¶ 37–38 (App. 2007) (application for fees must comply with requirements of *Schweiger v. China Doll Restaurant, Inc.,* 138 Ariz. 183, 188 (App. 1983), before burden shifts to party opposing fees to show amount requested is unreasonable). The award and amount of attorney fees is a matter "peculiarly within the discretion of [the] trial court." *Roberts v. City of Phoenix*, 225 Ariz. 112, 124, ¶ 47 (App. 2010) (quoting *Harris v. Reserve Life Ins. Co.*, 158 Ariz. 380, 384 (App. 1988)). We find no abuse of discretion here. Once the court determined that Newman's counsel did not consistently complete

---

[1]  We reject Newman's argument that the court's award was incorrect pursuant to the retainer agreement, which states his counsel's fee will be "45% of all sums received from any and all sources," because 45 percent of $362,500 ($250,000 plus $112,500) equals $163,125. This is circular reasoning, because if the court had awarded $163,125 in attorney fees, under Newman's analysis his counsel would then be entitled to $185,906 in fees (45 percent of $250,000 plus $163,125).

contemporaneous descriptions of their work and had recreated some time entries, it was within the court's discretion to reject his entire application.[2]

¶30         Finally, Newman contends the court erred by rejecting the hourly billing rates claimed by his counsel in the fee application.  In a contingency fee context, the amount of the fee sought by a litigant must be reasonable.  *See* Ariz. R. Sup. Ct. 42, ER 1.5, cmt. 3; *In re Swartz*, 141 Ariz. 266, 272 (1984).

¶31         In the application, Newman's counsel claimed $300 per hour for associates and $400 per hour for the partner assigned to the case. Newman argues he supported these rates with affidavits in which two local attorneys with experience in personal injury cases averred such rates were reasonable.  The court, however, was not persuaded by what it termed "generic" affidavits and ruled that neither the complexity of the case nor the experience of the particular attorneys supported the claimed hourly rates.  Furthermore, the attorneys themselves opined that $250-275 per hour was reasonable for associates.  On this record, Newman has not shown the court's assessment was an abuse of discretion.

¶32         We find no abuse of discretion, and affirm the superior court's award of $112,500 in attorney fees.

## IV.    Costs Available Under A.R.S. § 12-332

¶33         At all times relevant to this suit, A.R.S. § 46-455(H)(4) authorized the superior court to order payment of "costs of suit" to any person injured by the conduct APSA prohibits.  In considering Newman's request for an award of costs, the court referred to *In re Nelson*, 207 Ariz. 318 (2004).  In that case, the Arizona Supreme Court noted "[t]he costs that may be imposed in superior court for civil actions are limited to taxable costs and jury fees."  *Nelson*, 207 Ariz. at 323, ¶ 20.  The superior court here determined § 46-455(H)(4)'s provision authorizing "costs of suit" included only those costs available under § 12-332.  Accordingly, it awarded Newman $16,620 of the $48,544 in costs he sought.

¶34         Newman contends § 46-455(H)(4) allows the court to award all charges a plaintiff incurred in maintaining APSA litigation.  He argues

---

[2] For the same reason, and because the court rejected the hourly rates claimed by Newman's counsel, we find unpersuasive Newman's argument that the court should have, at minimum, awarded him $183,375 for the 605.5 hours his counsel recorded from October 18, 2012 until the end of trial.

the superior court erred by limiting its award of costs to those expenses that qualify as "taxable costs" under § 12-332. This is an issue of statutory interpretation that we review de novo. *Roddy v. Cnty. of Maricopa*, 184 Ariz. 625, 626 (App. 1996).

¶35          Our goal when interpreting a statute is to give effect to the intent of the legislature by applying the statutory language the legislature used. *Estate of Braden ex rel. Gabaldon v. State*, 228 Ariz. 323, 325, ¶ 8 (2011). If the plain language of a statute is clear and unambiguous when considered in context, we do not resort to other methods of statutory construction. *Id.*

¶36          Section 46-455(H)(4) does not define "costs of suit," but the term "costs" is a term of art that has a defined meaning under Arizona law. *Schritter v. State Farm Mut. Auto. Ins. Co.*, 197 Ariz. 411, 413 n.3, ¶ 7 (App. 2000) ("It is well recognized that 'costs' and 'expenses' are not the same, and that 'costs' is a term of art referring only to recoverable expenses."), *vacated on other grounds*, 201 Ariz. 391 (2001). Costs do not include "everything that a party spends to achieve victory." *Nelson*, 207 Ariz. at 322-23, ¶¶ 18–19 (quoting 20 Am. Jur. 2d *Costs* § 1 (1995)). Further, "costs" is defined in A.R.S. § 12-332, which governs civil proceedings. We therefore look to that statute for guidance because Newman's claim for statutory reimbursement of his litigation expenses arises in a civil action. *See* A.R.S. §§ 12–331 to –333 (Title 12 "Courts and Civil Proceedings," Article 4 "Costs Defined"); *Nelson*, 207 Ariz. at 322-23, ¶ 19 (examining the civil cost statutes for guidance concerning the recoverability of costs claimed in a judicial conduct proceeding).

¶37          In A.R.S. § 12-332(A), the legislature defined taxable costs in the superior court as follows:

> 1. Fees of officers and witnesses.

> 2. Cost of taking depositions.

> 3. Compensation of referees.

> 4. Cost of certified copies of papers or records.

> 5. Sums paid a surety company for executing any bond or other obligation therein, not exceeding, however, one per cent on the amount of the liability on the bond or other obligation during each year it was in force.

6. Other disbursements that are made or incurred pursuant to an order or agreement of the parties.

¶38 Newman argues that APSA is an exception to the general rule set forth in *Nelson* that costs in civil actions are limited to taxable costs under § 12-332. He bases this claim on the legislature's intent that § 46-455(H)(4) authorize a broader cost recovery than § 12-233 in order to increase the remedies available to vulnerable adults who are victims of abuse and neglect. *See In re Estate of Winn*, 214 Ariz. 149, 151, ¶ 9 (2007) (noting the policy underlying APSA is to protect some of society's most vulnerable persons from abuse, neglect, and exploitation); *Denton v. Maricopa Cnty. Super. Ct.*, 190 Ariz. 152, 156 (1997) (noting the legislature's intent and the policy behind APSA are clear and holding damages for pain and suffering are recoverable under the statute). Newman argues that allowing the same costs in APSA cases as in other civil suits would undermine that result.

¶39 Although the Arizona Supreme Court has recognized that APSA warrants a broad construction as a remedial statute, it has also warned that a "liberal construction is not synonymous with a generous interpretation." *Estate of Braden*, 228 Ariz. at 325, ¶ 9 (quoting *Nicholson v. Indus. Comm'n*, 76 Ariz. 105, 109 (1953)). We find nothing in the language of § 46-455(H)(4) to indicate that the legislature expanded the meaning of "costs" in that statute. *See Foster v. Weir*, 212 Ariz. 193, 196, ¶ 10 (App. 2006) (noting that when the legislature has intended to permit recovery of certain costs, it has done so in explicit terms).

¶40 Further, we are not persuaded that the legislature imparted such meaning by its use of the phrase "costs of suit," rather than "costs." Reading the statute in context, it appears the legislature used the phrase to distinguish between an award of costs in a civil suit brought by those persons injured by the defendant's conduct, § 46-455(H)(4), and one in a civil or criminal proceeding initiated by the state or a county, A.R.S. § 45-455(H)(5). And in contrast to "costs of suit" in § 46-455(H)(4), § 46-455(H)(5) authorizes the recovery of all "costs and expenses" incurred by the state or a county to investigate or prosecute conduct described in the statute.[3] We

---

[3] Similarly, the costs awardable under A.R.S. § 12-341 are also limited to "taxable costs" under § 12-332 even though § 12-341 references "all costs expended or incurred." *See Ahwatukee Custom Estates Mgmt. Assoc., Inc. v. Bach*, 193 Ariz. 401, 402, ¶ 6 (1999).

therefore decline to interpret § 46-455(H)(4) in the manner Newman suggests.[4]

**¶41**      Further, interpreting § 46-455(H)(4) to allow an award of only taxable costs does not impose a limitation on Newman's remedies in violation of A.R.S. § 46-455(O).[5] Section 12-332 does not take away or limit any right or specific remedies provided by APSA. *See Estate of Winn*, 214 Ariz. at 152, ¶ 14 ("[T]he legislature intended through subsections (O) and (P) to remove probate code or other limitations on the personal representative's ability to seek a remedy on behalf of a deceased elder abuse victim's estate.").

**¶42**      Newman sought to recover $6,932.75 for faxes, copies and postage; $24,462.44 for expert witness fees and travel expenses; $617.91 for copies of medical records; $28.14 for legal research charges; and other amounts for miscellaneous expenses (such as his counsel's parking and lunch during trial). These are not allowed as taxable costs under § 12-332. Accordingly, the superior court correctly refused to award these expenses as "costs of suit" pursuant to § 46-455(H)(4).

## CONCLUSION

**¶43**      For the foregoing reasons, we reverse the superior court's ruling on punitive damages and remand for further proceedings consistent with this opinion. We affirm the court's awards of attorney fees and costs.

**¶44**      Newman requests an award of attorney fees on appeal under A.R.S. § 46-455(H)(4). In the exercise of our discretion, we will award Newman an amount of reasonable attorney fees on appeal plus his taxable

---

[4] Our interpretation of the statute does not render it redundant or superfluous by suggesting that the legislature enacted § 46-455(H)(4) to allow APSA claimants to recover the same costs they were already entitled to recover under § 12-332. Section 12-332 does not authorize an award of costs, but simply defines what comprises "costs" in the superior court. A.R.S. § 12-332(A).

[5] Section 46-455(O) provides: "A civil action authorized by this section is remedial and not punitive and does not limit and is not limited by any other civil remedy or criminal action or any other provision of law. Civil remedies provided under this title are supplemental and not mutually exclusive."

costs, contingent upon his compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama