NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Plaintiff/Appellee*,

*v.*

NICHOLAS S. MAUCELI, *Defendant/Appellant*.

No. 1 CA-CV 18-0063
FILED 12-20-2018

---

Appeal from the Superior Court in La Paz County
No. S1500CV201700074
The Honorable Derek C. Carlisle, Judge

**REVERSED AND REMANDED**

---

COUNSEL

La Paz County Attorney's Office, Parker
By Joshua C. Smith
*Counsel for Plaintiff/Appellee*

Robert S. Wolkin, Attorney at Law, Tucson
By Robert S. Wolkin
*Counsel for Defendant/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Jon W. Thompson joined.

**P E R K I N S,** Judge:

¶1 Claimant Nicholas S. Mauceli appeals the superior court's order denying his attorney fees. For the following reasons, we reverse and remand.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2 In June 2017, the State of Arizona seized $11,113.00 in United States currency (the "Currency") from the trunk of Mauceli's vehicle during a traffic stop initiated by Department of Public Safety ("DPS") trooper Matthew Murray.

¶3 Murray was observing traffic on a highway in La Paz County when he first saw Mauceli's vehicle. Murray noticed Mauceli's vehicle had a paper temporary registration tag and decided to follow Mauceli and run the vehicle's registration. While following Mauceli's vehicle, Murray observed a radar detector that he believed to be in an improper location on Mauceli's windshield and further stated he believed Mauceli was traveling 78 miles per hour, 3 miles per hour over the posted speed limit. Murray determined that Mauceli was speeding by pacing Mauceli's vehicle, though Murray later testified that "78 in a 75 . . . is probably normal for that area at that time." Based on Mauceli's speed and the allegedly improperly positioned radar detector, Murray initiated a traffic stop to "talk to [Mauceli] about the position of . . . [the] radar detector." Murray then issued Mauceli a written warning for traveling 78 miles per hour in a 75 mile per hour zone and "improper tinting of windows or windshield." Murray's warning did not mention the radar detector nor did Murray indicate there was any problem with Mauceli's vehicle registration.

¶4 During the traffic stop, Murray stated he believed he smelled marijuana in Mauceli's vehicle and initiated a search. Though Murray did not locate any marijuana or any other illicit items, he found a backpack containing the Currency in Mauceli's trunk. Murray then called La Paz County detective Leif Flores to the scene and assisted him in seizing the

2

Currency. Later, Murray testified that he would have returned the Currency if Mauceli had provided proof of its origin.

¶5        When Flores arrived, he did not smell marijuana in or around Mauceli's vehicle. Nevertheless, Flores advised Mauceli he would be arrested for money laundering if he could not explain the origin of the Currency. Flores went on to explain that he would arrest Mauceli because the Currency exceeded "the threshold of transporting currency" though, while testifying at a subsequent probable cause hearing, Flores was unable to explain the nature of this "threshold" or how transporting United States currency within the United States is unlawful.

¶6        During the traffic stop, after informing Mauceli he would be arrested for possessing the Currency, and allegedly after Mauceli asked if he could avoid arrest, Flores offered Mauceli a DPS "Disclaimer of Ownership of Currency or Property" form. Mauceli signed the form, purporting to waive all forfeiture notice requirements, and stating Mauceli was not the owner of the Currency. The form further indicates that the signor "hereby state[s] that [he] is not the owner of [the] currency or property, [he has] no legal interest in it, and [he makes] no claim for the return of the currency or property." Finally, the form contends that, to the best of the signor's knowledge, the Currency is the property of La Paz County. After Mauceli signed the form, the State seized the Currency. Despite their earlier threats, Murray and Flores did not arrest Mauceli.

¶7        The State filed a notice of pending forfeiture on July 20, 2017, informing potential claimants that the Currency had been seized for forfeiture. Mauceli filed a notice of claim and applied for an order to show probable cause for the seizure on July 31, 2017. The State then filed a complaint for *in rem* forfeiture of the Currency on August 1. Mauceli filed his answer and a motion to dismiss on August 14. At the October 2017 show cause hearing, the superior court found that, at that point, there was not probable cause for the forfeiture or to believe Mauceli knew or should have known the Currency was the proceeds of an offense.

¶8        Shortly after the hearing, the State moved to dismiss the matter. Mauceli did not oppose the dismissal, but argued that he was entitled to his attorney fees, damages, and treble damages under Arizona Revised Statutes ("A.R.S.") section 13-4314(F), as amended by Arizona Session Laws ch. 149, § 9, which became effective on August 9, 2017. The State objected to Mauceli's fee request, contending § 13-4314(F) is a substantive amendment and cannot be retroactively applied. The superior court dismissed the action and denied Mauceli's request for attorney fees, expenses, damages, and treble damages.

3

**¶9** Mauceli timely appealed the denial. The State moved to dismiss the appeal, contending we lack jurisdiction to review the matter. We denied the motion, determining that the issue is appealable under A.R.S. § 12-2101(A)(3).

## DISCUSSION

**¶10** We review *de novo* issues involving interpretation, application, and retroactivity of statutes. *City of Tucson v. Whiteco Metrocom, Inc.*, 194 Ariz. 390, 393, ¶ 8 (App. 1999); *State v. Jensen*, 193 Ariz. 105, 107–08, ¶ 16 (App. 1998).

**¶11** The sole issue on appeal is whether the current § 13-4314(F) applies to Mauceli's claim for fees. In 2017, the Arizona legislature made the following changes to § 13-4314:

> **F.** The court ~~shall order any claimant who fails to establish that his entire interest is exempt from forfeiture under section 13-4304 to pay the costs of any claimant who establishes that his entire interest is exempt from forfeiture under section 13-4304 and the state's costs and expenses of the investigation and prosecution of the matter, including reasonable attorney fees~~ **may award reasonable attorney fees, expenses and damages for loss of the use of the property to any claimant who substantially prevails by an adjudication on the merits of a claim. If the court finds that reasonable cause did not exist for the seizure for forfeiture or the filing of the notice of pending forfeiture, complaint, information or indictment and that the seizing agency or attorney for the state intended to cause injury or was grossly negligent, the court shall award the claimant treble costs or damages. The court must apportion the award for treble costs or damages between the agency that made the seizure and the office of the attorney for the state.**

2017 Ariz. Sess. Laws, ch. 149, § 9 (1st Reg. Sess.). The Governor signed amended § 13-4314(F) on April 12, 2017, and the statute thus went into effect on August 9, 2017. *See* Ariz. Const. art. 4, pt. 1, § 1(3) (effective date of statute is 90 days after the close of the session of the legislature enacting such measure); *see also* https://www.azleg.gov/general-effective-dates/.

**¶12** Mauceli initially filed a notice of claim and application for order to show cause on July 31, 2017. In response, the State filed a Complaint against the Currency with Mauceli as a claimant on August 1,

2017, alleging, *inter alia*, that the Currency was subject to forfeiture under §§ 13-4301 through 13-4315. Mauceli then filed an answer to the State's Complaint and motion to dismiss on August 14, 2017, five days after the new version of § 13-4314(F) went into effect. "A claim for attorney's fees must be made in the pleadings or in a Rule 12 motion filed before the movant's responsive pleading." Ariz. R. Civ. P. 54(g)(1). Here, Mauceli requested his attorney fees in accordance with Rule 54(g)(1) in his answer and motion to dismiss. Thus, the operative question is when did Mauceli's right to attorney fees vest, if at all.

¶13 We addressed vested rights to statutorily authorized attorney fees in *Newman v. Select Specialty Hospital-Arizona, Inc.*, 239 Ariz. 558 (App. 2016). *In Newman*, a plaintiff pursuing a claim under A.R.S. § 46-455 sought attorney fees as part of his damages for alleged vulnerable adult abuse. 239 Ariz. at 560–61, ¶¶ 2–6. During the life of the plaintiff's case, there were three different versions of § 46-455(H)(4). *Id.* at 563, ¶ 18. The first version, in effect when the plaintiff was injured, capped attorney fees at twice the total compensatory damages awarded in an action while the second, in effect when the plaintiff filed his claim, limited attorney fees to no more than the total compensatory damages awarded. *Id.* The final version, in effect at the time of the verdict, eliminated an award of attorney fees entirely. *Id.* Noting that "[t]he right to an award of attorney fees is a substantive right" and that "[o]nce a substantive right vests, it may not be impaired," we held that the plaintiff's right to attorney fees vests under § 46-455(H)(4) (2012) when the plaintiff files his claim. *Id.* at 563–64, ¶¶ 20–21.

¶14 Under *Newman*, the right to attorney fees vests when it may be asserted as a legal cause of action. 239 Ariz. at 563–64, ¶ 21; *see also Hall v. A.N.R. Freight Sys., Inc.*, 149 Ariz. 130, 139–40 (1986). Unlike the plaintiff in *Newman*, Mauceli is a defendant in the underlying action and his first opportunity to request fees, in accordance with Rule 54(g)(1), was his August 14 answer to the State's Complaint. Thus, Mauceli's right to seek attorney fees vested on August 14, 2017, after the effective date of Arizona Session Laws ch. 149, § 9.

¶15 This conclusion does not impair the State's right to seek attorney fees under the prior version of § 13-4314(F). Under the version of A.R.S. § 13-4314 in effect when the State brought its *in rem* forfeiture claim, the State had a right to seek attorney fees from "any claimant who fails to establish that his entire interest is exempt from forfeiture." 2001 Ariz. Sess. Laws, ch. 324, § 3 (1st Reg. Sess.). The State's right to request these fees vested under the prior version of the statute, at the latest, when it filed its Complaint on August 1, 2017. *See Newman*, 239 Ariz. at 563–64, ¶¶ 18–24

(the right to collect attorney fees vests on filing of a lawsuit). Because of the unique procedures in civil *in rem* forfeiture cases, coupled with the unique timing here, this case is subject to both the State's vested right to seek attorney fees under the prior statute and Mauceli's right to seek fees under § 13-4314(F) (2017), as effective prior to Mauceli's answer and motion to dismiss.

**¶16** The superior court ruled the State lacked probable cause for the seizure. The State thereafter opted to voluntarily dismiss its claim rather than pursuing it further, explicitly stating: "The State requests dismissal because . . . the State does not believe it can meet its burden of proof at trial." The State did not prevail on the merits. Moreover, voluntary dismissal of the State action, even without prejudice, does not preclude the superior court from awarding attorney fees to Mauceli. *See Vicari v. Lake Havasu City*, 222 Ariz. 218, 225, ¶ 29 (App. 2009). Accordingly, we remand to the superior court for factual findings in accordance with § 13-4314(F) (2017) and consideration of Mauceli's request for fees.

**¶17** Mauceli requests his attorney fees on appeal under § 13-4314(F) and Arizona Rule of Civil Appellate Procedure ("ARCAP") 21. In our discretion, we award Mauceli his reasonable attorney fees, in an amount to be determined, and costs, upon compliance with ARCAP 21.

## CONCLUSION

**¶18** For the foregoing reasons we reverse and remand.



AMY M. WOOD • Clerk of the Court
FILED: AA