NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ANTHONY JAMES MERRICK, III,
*Plaintiff/Appellant*,

v.

ARIZONA BOARD OF EXECUTIVE CLEMENCY,
*Defendant/Appellee*.

No. 1 CA-CV 19-0771

FILED 7-2-2020

---

Appeal from the Superior Court in Maricopa County
No.  LC2019-000267-001
The Honorable Douglas Gerlach, Judge

**AFFIRMED**

---

COUNSEL

Anthony James Merrick, III, Florence
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Kelly Gillilan-Gibson
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

**W E I N Z W E I G**, Judge:

**¶1**        Anthony James Merrick appeals the superior court's denial of costs he incurred in a statutory special action.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        Merrick made a public records request to the Arizona Board of Executive Clemency (the "Board"), seeking an audio recording of his commutation hearing.  He included the required payment.  Having received no response, Merrick sued the Board to secure the recording in a statutory special action.  A.R.S. § 39-121.02(A).  He requested his costs and "double damages under A.R.S. § 12-349."  As an indigent inmate, however, the superior court had granted Merrick a deferral of all filing and service fees.  The Board later sent Merrick a CD audio recording of his commutation hearing and refunded his payment.  The court dismissed the special action as moot and denied costs under A.R.S. § 12-349.  Merrick unsuccessfully moved for reconsideration.  He timely appeals.

## DISCUSSION

**¶3**        We review the denial of costs for an abuse of discretion. *Tucson Estates Prop. Owners Ass'n v. McGovern*, 239 Ariz. 52, 57, ¶ 16 (App. 2016).  Merrick contends he is entitled to $32 for "service fees" and $111 in "copy and mailing fees" under A.R.S. §§ 12-341, 12-349, 39-121.02(B) and Arizona Rule of Procedure for Special Actions 4(g).

**¶4**        The superior court did not abuse its discretion.  Merrick cannot recover $32 in service fees because he obtained deferral for all "[f]ees for service of process by sheriff, marshal, constable or law enforcement agency," meaning he has not paid and will not pay service fees until further notice.  And if ever asked to pay service fees, for instance, Merrick can request waiver of those fees.  Nor can Merrick recover $111 in copy and mailing fees because A.R.S. § 12-332 does not authorize recovery of such expenses. *Newman v. Select Specialty Hosp.-Ariz., Inc.*, 239 Ariz. 558, 567, ¶ 42 (App. 2016).

**CONCLUSION**

**¶5**        We affirm.  Because Merrick has not prevailed on appeal, we deny his request for costs on appeal.  *Paradigm DKD Grp., LLC v. Pima Cty. Assessor*, 246 Ariz. 429, 437, ¶ 29 (App. 2019).



AMY M. WOOD • Clerk of the Court
FILED:    AA