NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# Arizona Court of Appeals
## Division One

HERITAGE POINT HOMEOWNERS ASSOCIATION, *Plaintiff/Appellant,*

*v.*

ISAAC PACHECO, et al., *Defendants/Appellees.*

No. 1 CA-CV 23-0600
FILED 05-28-2024

Appeal from the Superior Court in Maricopa County
No. CV2022-011429
The Honorable Jay R. Adleman, Judge

**VACATED AND REMANDED**

COUNSEL

Carpenter, Hazlewood, Delgado & Bolen, LLP, Tempe
By Joshua Bolen, Tessa Knueppel
*Counsel for Plaintiff/Appellant*

Isaac Pacheco, Sonia Pacheco, Tolleson
*Defendants/Appellees*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge Michael S. Catlett joined.

**M O R S E**, Judge:

¶1 Heritage Point Homeowners Association ("HOA") appeals the superior court's order denying its request for attorney fees. For the following reasons, we vacate the court's order and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In September 2021, Isaac and Sonia Pacheco (collectively, "Pachecos") requested permission from the HOA to host a haunted house at their home. On October 22, the HOA denied their request and sent them a notice informing them that operating a haunted house from their home constituted a violation of the HOA's restrictions. On October 26, the HOA sent the Pachecos a letter demanding they stop operating the haunted house and remove all related decorations within 48 hours. On October 29, the Pachecos informed the HOA that they suspended online sales to the haunted house, planned to move to an offsite location the following year, and agreed not to host a haunted house out of their home moving forward. They also requested permission to remain open from October 29 to October 31. The HOA did not respond. After the event, the Pachecos removed the decorations.

¶3 In February 2022, the Pachecos sent the HOA a letter in which they offered to "execute a settlement agreement" to "never display themed holiday décor or otherwise create a display open for visitation by the local community at their residence" and agreed to make a one-time $2,000 payment for "full resolution" of the HOA's claims against them. The HOA's attorney fees billing statements show that it received the Pachecos' February letter and discussed a counteroffer, but the record does not include a formal response from the HOA to the Pachecos' letter. Instead, in August 2022, the HOA filed suit against the Pachecos, alleging breach of contract and requesting that the court issue preliminary and permanent injunctions ordering the Pachecos to cease installing excessive exterior decorations, unapproved structures, and other modifications and operating any business out of their home, including a haunted house. The court set a show-cause hearing for September 22.

¶4 At the show-cause hearing, the parties agreed that the Pachecos would not utilize excessive decorations and not operate a business out of their home. The parties' agreement would remain in effect between September 22 through November 1. The court set a status conference for October 13.

¶5 At the status conference, the parties informed the court that they reached a "settlement/agreement" in the matter. The court placed the case on the dismissal calendar for November 18. On November 17, the HOA moved to continue the case on the dismissal calendar, which the court continued to January 2, 2023.

¶6 In December 2022, the parties stipulated to the entry of a permanent injunction, and the court entered the parties' stipulations. In the stipulations, the parties agreed that the HOA "is the prevailing party and is entitled to submit an Application for Attorneys' Fees and Costs for the Court's consideration." The HOA then filed a notice of errata and motion to set aside the entry of the final judgment to enter a new proposed form of the permanent injunction. The court set aside the final judgment and entered the new proposed form of the permanent injunction.

¶7 In March 2023, the HOA filed an application for attorney fees and costs. The court denied the HOA's request for attorney fees "in its entirety," declining "to identify [the HOA] as the prevailing party" and finding the HOA's request for attorney fees "totaling more than $31,000.00 is not reasonable under the[] circumstances."

¶8 The HOA timely appealed. We have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

**DISCUSSION**

¶9 The HOA argues the court "erred as a matter of law in refusing to award any attorney[] fees to the [HOA] as the prevailing party in the underlying matter." We review a court's denial of attorney fees for an abuse of discretion. *Am. C.L. Union of Ariz. v. Ariz. Dep't of Child Safety*, 251 Ariz. 458, 461, ¶ 11 (2021); *Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 490, ¶ 34 (App. 2007) ("[W]e review the trial court's decision regarding the amount of fees awarded for an abuse of discretion.").

¶10 In its fees application, the HOA requested its "attorneys' fees and costs in accordance with the Declaration of Covenants, Conditions, and Restrictions for Heritage Point . . . ("Declaration"), as well as A.R.S. §§ 12-341 and 12-341.01."

¶11 The Declaration provides for attorney fees in the event of a lawsuit:

> If any lawsuit is filed by the Association or any Owner to enforce the provisions of the Community Documents or in

any other manner arising out of the Community Documents or the operations of the Association, the *prevailing party* in such action shall be entitled to recover from the other party all attorney fees incurred by the prevailing party in the action.

(Emphasis added.)

¶12        Section 12-341.01(A) provides the following:

In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees.  If a written settlement offer is rejected and the judgment finally obtained is equal to or more favorable to the offeror than an offer made in writing to settle any contested action arising out of a contract, the offeror is deemed to be the successful party from the date of the offer and the court may award the successful party reasonable attorney fees.  This section shall not be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney fees.

Courts have broad discretion to award attorney fees under A.R.S. § 12-341.01, *Ad Hoc Comm. of Parishioners of Our Lady of Sun Cath. Church, Inc. v. Reiss*, 223 Ariz. 505, 518, ¶ 41 (App. 2010), but they lack "discretion to deny a fee award required by the terms of the parties' contract," *Murphy Farrell Dev., LLLP v. Sourant*, 229 Ariz. 124, 133, ¶ 32 (App. 2012).

¶13        Whether pursuant to A.R.S. § 12-341.01 or a contract's attorney-fees provision, "[t]he decision as to who is the successful party for purposes of awarding attorneys' fees is within the sole discretion of the trial court, and will not be disturbed on appeal if any reasonable basis exists for it." *Bobrow v. Bobrow*, 241 Ariz. 592, 598, ¶ 25 (App. 2017) (quoting *Maleki v. Desert Palms Pro. Props., L.L.C.*, 222 Ariz. 327, 334, ¶ 35 (App. 2009)); *see Murphy Farrell Dev., LLLP*, 229 Ariz. at 133, ¶ 31 ("We will uphold the court's implicit determination that [the defendant] is not the 'prevailing party' if it had a reasonable basis for doing so, thereby properly exercising its discretion.").

¶14        The HOA argues it was the prevailing party based on the parties' stipulation.  "The general rule is that the parties are bound by their stipulations unless relieved therefrom by the court." *Harsh Bldg. Co. v. Bialac*, 22 Ariz. App. 591, 593 (1975).  The parties' "stipulated permanent injunction" provides that the HOA "is the prevailing party . . . ." The court

entered the parties' stipulation. In light of the parties' stipulation, and the fact that the HOA obtained the relief it sought, the court erred in finding that the HOA was not the prevailing party based on the "uneventful nature of th[e] litigation" and that the court "was *never* required to determine any contested issues between the parties whatsoever." *See Cont'l Cas. v. Superior Court*, 130 Ariz. 189, 192 (1981) (finding the court abused its discretion in refusing to follow the parties' stipulations when the stipulations were consistent with court rules). Accordingly, we vacate the court's order denying fees and remand for further proceedings consistent with this decision.

¶15        We emphasize, however, that the parties' stipulation only provides that the HOA shall be considered "the prevailing party" and does not reflect any agreement about the timing of such designation or the excessiveness of fees incurred in the matter. The Pachecos argue the HOA was not the prevailing party because they offered to settle the HOA's claims before the HOA filed suit. And the record reflects a written letter from the Pachecos' attorney offering "to execute a settlement agreement, agreeing to never display themed holiday décor or otherwise create a display open for visitation by the local community at their residence . . . and pay a one-time payment of $2,000.00 in cash . . . in exchange for full resolution of all known claims . . . ."

¶16        If a rejected written settlement offer results in a judgment equal to or more favorable to the offeror, that offering party is deemed the successful party. A.R.S. § 12-341.01(A). Courts may apply this language from A.R.S. § 12-341.01(A) when determining whether a party is the prevailing party under a contract's attorney-fees provision. *See Am. Power Prods., Inc. v. CSK Auto, Inc.*, 242 Ariz. 364, 368, ¶¶ 14–15 (2017) (relying on A.R.S. § 12-341.01(A) to define "prevailing party" under the contract's attorney-fees provision); *Murphy Farrell Dev., LLLP*, 229 Ariz. at 134, ¶ 36 (relying on cases decided under A.R.S. § 12-341.01 in determining which party was "the 'prevailing party' under the terms of the [parties'] Agreements" when those contracts mandated an award of fees to the "prevailing party" but did not define that term).

¶17        Apparently, the HOA did not accept the Pachecos' offer to settle, then filed suit and obtained what appears to be a judgment equal to, or less than, the Pachecos' settlement offer. Based on the record, the court may well determine that the Pachecos could qualify as the prevailing party "from the date of the offer." A.R.S. § 12-341.01(A). If so, as "the prevailing party" based on the parties' stipulation, the HOA would only be entitled to fees properly incurred prior to such settlement offer. *Id.*

**¶18**　　　The HOA also argues the court cannot refuse to award attorney fees when a specific contractual provision provides for an award. But even when a court is enforcing a contract's attorney-fees provision the court may determine whether the fees request is "clearly excessive." *See McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 267, 270–71, ¶¶ 4, 16–22 (App. 2007) (finding that, even when an attorney-fees provision entitles the prevailing party to "all attorney fees and court costs," fees that are "obviously" or "clearly excessive" will not be awarded).

**¶19**　　　Here, the court found the amount of fees the HOA requested was "not reasonable under the[] circumstances" and denied the HOA's "request for attorney's fees in its entirety." On remand, the court will determine the amount of fees, if any, the HOA properly incurred as the prevailing party in the matter. *Id.* at 271, ¶ 22 (remanding for the court to determine which fees "were properly incurred" in the matter except for "those fees the court expressly finds are clearly excessive").

**¶20**　　　The HOA requests attorney fees and costs on appeal under ARCAP 21(a) and the Declaration. "Even when attorneys' fees are authorized by contract or statute, we may still exercise our discretion to deny an award of attorneys' fees on appeal." *Premier Consulting & Mgmt. Sols., LLC v. Peace Releaf Ctr. I*, --- Ariz. ---, ---, ¶ 73, 544 P.3d 658, 673 (App. 2024). In exercising our discretion, we deny the HOA's request for attorney fees on appeal. But because we vacate the court's order and remand for further proceedings, the HOA is entitled to recover its taxable costs incurred on appeal upon compliance with ARCAP 21. *See Newman v. Select Specialty Hosp.-Ariz., Inc.*, 239 Ariz. 558, 567, ¶ 44 (App. 2016) (awarding taxable costs incurred on appeal).

## CONCLUSION

**¶21**　　　For the above-stated reasons, we vacate the court's order denying the HOA's request for attorney fees and remand for further proceedings consistent with this decision.

